## UNITED STATES v. CHICAGO, B. & Q. R. CO.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1923.)

No. 6226.

**1. Evidence ☞22(3)—Judicial notice of location of railroad lines.**

Conceding that a court may take judicial notice of the location, routes, and termini of the lines of an important railroad, it must include in such notice every part of the system, and the fact, if it be a fact, that it performs the service of a terminal connection for other roads in moving their cars to their ultimate point of destination in a city.

**2. Carriers ☞4—Terminal companies are "common carriers" and amenable to the Twenty-Eight Hour Law.**

A terminal railroad company is a "common carrier" and amenable to regulatory statutes including the Twenty-Eight Hour Law (Comp. St. §§ 8651–8654).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Carrier.]

**3. Carriers ☞227(1)—Allegation as to shipment to a city includes transportation within the city.**

An allegation in a complaint for violation of the Twenty-Eight Hour Law, § 1 (Comp. St. § 8651), that a shipment of live stock was made to a consignee in Denver, is to be construed as including the transportation to the point of final delivery to the consignee within the city, and not merely to the city limits.

**4. Carriers ☞227(1)—Complaint not demurrable, when it did not appear therefrom that defendant could not have participated in transportation.**

Where a complaint charging a violation of the Twenty-Eight Hour Law (Comp. St. §§ 8651–8654) alleged that defendant participated in the transportation, and it did not appear on the face of the complaint that it could not have done so, it was not demurrable on that ground.

In Error to the District Court of the United States for the District of Colorado; John A. Riner, Judge.

Action at law by the United States against the Chicago, Burlington & Quincy Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Clarence L. Ireland, Asst. U. S. Atty., of Denver, Colo. (Granby Hillyer, U. S. Atty., and John A. McCann, Asst. U. S. Atty., both of Denver, Colo., on the brief), for the United States.

J. L. Rice, of Denver, Colo. (E. E. Whitted and J. Q. Dier, both of Denver, Colo., on the brief), for defendant in error.

Before STONE, Circuit Judge, and VAN VALKENBURGH and KENNEDY, District Judges.

VAN VALKENBURGH, District Judge. The United States brought suit against the Chicago, Burlington & Quincy Railroad Company to recover a penalty for failure to comply with the provisions of the Act of Congress approved June 29, 1906 (34 Statutes at Large 607 [Comp. St. §§ 8651–8654]), commonly known as the Twenty-Eight Hour Law. The allegations of the complaint, so far as they are material to this discussion, are as follows: That on or about October 12, 1921, 29 cattle, more or less, were consigned by M. O. Brown, in the

---

state of Colorado, to M. O. Brown, care Beetham Commission Company, in the state of Colorado, and shipped and transported over the line of the defendant and its connecting carrier, the Denver & Rio Grande Railroad, from Pagosa Springs, Colo., into and through the State of New Mexico to Denver, Colo.; that said animals were confined continuously in said car by the Denver & Rio Grande Railroad and the defendant, during their transportation by said carriers from Alamosa, Colo., to Denver, Colo., for 40 hours, without the said Denver & Rio Grande Railroad and the defendant, or either of them, having unloaded said animals in a humane manner during the course of their transportation into properly equipped pens for rest, water and feeding.

The defendant interposed a demurrer to the complaint, upon the ground that the same did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the trial court. In sustaining the demurrer the court applied the rule that courts take judicial notice of the location, routes, and termini of important lines of railroad, and in the application of that rule found that the defendant had no line which, in connection with the Denver & Ria Grande Railroad or otherwise, formed part of a railroad from Alamosa to Denver; that consequently the defendant took no part in the alleged transportation, notwithstanding the allegations in the complaint to the contrary. As an essential to its ruling it held further that a demurrer to a complaint does not admit the allegations therein which the court judicially knows to be untrue.

[1, 2] Conceding, for the purposes of this discussion, that courts may take judicial notice of the location, routes, and termini of important lines of railroad, does the ultimate conclusion reached by the court necessarily follow? We do not think so. The Chicago, Burlington & Quincy R. R. Company is undoubtedly an important line of railroad. Judicial notice of its location and routes would include the fact that it has a terminus within the city of Denver. Such judicial notice must necessarily include every part of the system, if the contention of defendant in error is to be indulged. Judicial notice, thus extended and given its ultimate effect, would bring judicial cognizance of the fact that within the limits of Denver lines of the Burlington connect with the Denver & Rio Grande Railroad, and that the former operates upon occasion as a delivering line within the city to the individual consignee. In such capacity it discharges the functions of a terminal company. In practically all large centers terminal companies operate for the purpose of more convenient distribution of freight shipments to the points to which they are ultimately consigned. Such companies are common carriers, and are held to be amenable to laws regulating such carriers, including the federal statute now before us. United States v. Northern Pac. Terminal Co. (C. C.) 181 Fed. 879; United States v. St. Joseph Stockyards Co. (D. C.) 181 Fed. 625; Same case, 187 Fed. 104, 110 C. C. A. 432; Union Stockyards Co. of Omaha v. United States, 169 Fed. 404, 94 C. C. A. 626; United States v. Sioux City Stock Yards Co. (C. C.) 162 Fed. 556; United States v. Northern Pac. Terminal Co. (C. C.) 186 Fed. 947.

Such being the case, it was entirely within the potential facts that the defendant in error might have co-operated with the Denver & Rio Grande Railroad Company as a connecting carrier in the transportation from consignor to consignee in this case, and the complaint alleged that it did participate in said transportation.

[3] Defendant in error lays stress upon the fact that the complaint confines the transportation between Pagosa Springs and Denver, without alleging that it was to extend to any point within the city limits. We think this is too narrow a construction of the language used, in view of the well-known practice of railroads in handling such shipments. A consignment to a named consignee at Denver, or any other similar place, is not halted at the city limits, but proceeds to the usual point of delivery, either at freight yard, station, or industrial siding.

[4] From the foregoing we do not wish to be understood as basing our conclusions in this case upon any expansion of the doctrine of judicial notice as propounded by defendant in error. It is sufficient that the complaint charges that the defendant participated in the transportation which resulted in the alleged violation of the Twenty-Eight Hour Law. That it could not have been a party to that transportation as a connecting carrier, and therefore could not be chargeable with the violation, if established, does not appear upon the face of the complaint. The demurrer, therefore, should have been overruled.

The judgment below must be reversed, and the case remanded, for a trial upon the merits.