### TERMINAL R. ASS'N OF ST. LOUIS v. KIMBREL.
### No. 11367.

Circuit Court of Appeals, Eighth Circuit.
June 26, 1939.

Arnot L. Sheppard, of St. Louis, Mo. (Thomas M. Pierce, Walter N. Davis, Joseph L. Howell and William A. Thie, all of St. Louis, Mo., on the brief), for appellant.

William H. Allen, of St. Louis, Mo. (Charles P. Noell, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER and WOODROUGH, Circuit Judges, and BELL, District Judge.

## WOODROUGH, Circuit Judge.

This is a civil action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, Act of April 22, 1908, c. 149, Sec. 1, 35 Stat. 65, to recover damages for personal injuries sustained by the plaintiff, Edward B. Kimbrel, while in the employ of the defendant railroad carrier as a brakeman, alleged to have been proximately caused by the violation by defendant of Section 2 of the Federal Safety Appliance Act, 45 U.S.C.A. § 2, Act of March 2, 1893, c. 196, Sec. 2, 27 Stat. 531, providing that it shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact and which can be uncoupled without the necessity of men going between the ends of the cars.

The trial below, before the Court and a jury, resulted in a verdict and judgment in favor of the plaintiff in the sum of $13,500, from which judgment the defendant prosecutes this appeal.

It was stipulated that "at the time the plaintiff received the injuries complained of in his petition he was a member of a switch crew employed by the defendant and was handling and switching cars that were moving in interstate commerce on the defendant's lines of railroad", and it sufficiently appears that it was dark at the time and plaintiff was working with lighted lantern.

He had set two identified cars for coupling and they had been pushed together for that purpose, but the cars failed to couple on the impact. When the plaintiff came up to the ends of the cars he found that the knuckles of both of the couplers were closed and that it would be necessary to open one of them in order to effect the coupling. As the cars stood, the pin lifter of one of them was on the side of the track where he was, and after some slack had been made he tried to open the knuckle by means of the pin lifter without going between the cars. The pin lifter would not budge and he went between the cars to open the knuckle by hand, "the very evil against which the Federal Safety Appliance Act is directed". Lang v. New York Central Railroad Co., 255 U.S. 455, 41 S.Ct. 381, 65 L.Ed. 729. As he did so, the cars were pushed together without any signal given by him, his right arm was caught and injured so that it had to be amputated. The accident occurred in East St. Louis, Illinois.

The appellant has not contended that the evidence was insufficient to sustain a verdict for the plaintiff, but presents (1) that there was lack of jurisdiction, (2) that the court erred in giving certain instructions, and (3) in refusing to give instructions requested.

(1) Jurisdiction. No question of the sufficiency of the plaintiff's petition was raised in the court below, but on this appeal it is contended that it was not affirmatively shown that the action was brought in the proper district. It was brought in the District Court for the Eastern District of Missouri sitting in St. Louis, but the point is made that it was not shown that the Terminal Railroad Association of St. Louis was doing business in Missouri. The statute authorizes the action to be brought in the district "in which the defendant shall be doing business at the time of commencing such action". 45 U.S.C.A. § 56.

We had the fact of the St. Louis Terminal's doing business in St. Louis proved before us in Helvering v. Terminal Railroad Association of St. Louis, 8 Cir., 89 F.2d 739, and declared the fact in the opinion. The fact is also indicated in the last report of the Interstate Commerce Commission on the statistics of railways

at page 257. Judicial notice might appropriately be taken of it. United States v. Chicago, B. & Q. R. Co., 8 Cir., 293 F. 185. However, the question as to the particular district in which the case was tried does not go to the jurisdiction of the court but merely to the venue. The court's jurisdiction to try personal injury cases under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., is plenary. The summons in the action issued in the name of the resident district judge, Honorable George H. Moore (most learned of men in the lore of St. Louis), recited that defendant was "late of" the district and defendant was served with it in the city. When the defendant being so served elected to try the case in that district, all question of the venue (if any there ever was) was waived. Wabash Ry. Co. v. Bridal, 8 Cir., 94 F.2d 117; Chesapeake & Ohio R. Co. v. Wood, 6 Cir., 59 F.2d 1017; Burnrite Coal Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 71 L.Ed. 1002; Erie Railroad Co. v. Kennedy, 6 Cir., 191 F. 332; Thompson v. Hocking Valley R. Co., 6 Cir., 45 F.2d 155; Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252.

(2) Instructions: By its several requests for instructions and by its exceptions taken to instructions given by the court, the defendant called sharply to the court's attention that defendant was taking the position and claiming that it was not liable to plaintiff under the law unless the jury should find from the evidence that the coupling of the car in which plaintiff's arm was caught was out of order and defective. The court instructed, i. a.:

"The Court instructs the jury that the Safety Appliance Act required that the cars mentioned in the evidence be equipped with couplers coupling automatically by impact, 'without the necessity of men going between the ends of the cars', [45 U.S.C.A. § 2], and the Employers' Liability Act provides that 'no such employee who may be injured * * * shall be held guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury * * * of such employee', [45 U.S.C.A. § 53], and the Court further instructs you that the Safety Appliance Act was a statute enacted for the safety of employes, and the Court further instructs you that if you find and believe from the evidence that on the 27th day of November, 1936, the plaintiff was injured between two cars on defendant's tracks, and if you find and believe from the evidence that such cars were not equipped with couplers coupling automatically by impact without the necessity of the plaintiff going between the ends of the cars, and by reason thereof and as a proximate result thereof the plaintiff was injured, then your verdict should be for the plaintiff.

"The Court charges the jury that by the term proximate cause as used by the Court in its charge with respect to plaintiff's injury, is meant the efficient, producing cause of such injury, and of which such injury was the natural and probable consequence, and without which such injury would not have occurred.

"The Court charges the jury that the sole question for your consideration in this case is whether the couplers on the cars in question would couple automatically by impact, and in determining the liability of defendant you can consider no other question.

"The Court charges the jury that no liability on the part of defendant arises from the mere happening of the accident. The mere fact that an accident happened is not proof that the coupler would not couple automatically by impact. There is no presumption in this case that the coupler would not couple automatically by impact.

"The Court charges the jury that the mere fact that the plaintiff may have sustained an injury, if you so find, is not sufficient to warrant you in returning a verdict against the defendant in this case. You cannot presume that the couplers would not couple automatically by impact, but on the contrary the law places on plaintiff the burden of proving such fact, to your reasonable satisfaction, by the greater weight or preponderance of the credible evidence."

We think that the plaintiff was not obliged to make the proof required by defendant's requested instructions as a prerequisite to recovery and that the instructions given by the court correctly declared the settled law. Chicago, M. St. P. & Pac. R. Co. v. Linehan, 8 Cir., 66 F.2d 373, 377; San Antonio & P. R. Co. v. Wagner, 241 U.S. 476, 480, 36 S.Ct. 626, 60 L.Ed. 1110; Jordan v. East St. Louis Connecting R. Co., 308 Mo. 31, 40, 271 S.W. 997.

(3) Exception was also taken and error has been assigned upon the refusal of the court to give an instruction requested by defendant to the effect that the jury should not consider "as a basis or ground of plaintiff's right to recover against defendant the fact that said cars or train was first stopped, if it was, and then shoved or moved against plaintiff's arm".

The court expressly charged the jury upon the basis and grounds of plaintiff's case and what facts had to be proved and found by the jury to justify recovery by the plaintiff, and then said "in determining the liability of defendant you can consider no other question". The request of the defendant was sufficiently covered.

The court instructed properly as to the consideration to be given to the interest of the plaintiff in the result of the suit when the weight to be given his testimony was being passed on by the jury.

We find no error in the record.

Affirmed.