**OIL WORKERS INTERNATIONAL UNION v. ELLIOTT, Regional Director, National Labor Relations Board.**

**Civil Action No. 1428.**

District Court, N. D. Texas, Fort Worth Division.

Sept. 8, 1947.

Lindsay P. Walden, of Fort Worth, Tex., for Oil Workers International Union.

David T. Findling and Mozart G. Ratner, both of Washington, D. C., for Elliott.

DAVIDSON, District Judge.

I have read the very able brief of plaintiff's counsel. It conforms to the very concise clear-cut manner in which the case has been presented.

■ The law has recognized, and does recognize, the right of labor to organize, and is one of the purposes of that organization, to enter into bargains for collective employment. It takes into consideration the fact that there may be a question as to what organization has the right to speak for the employees, and in order to determine that, an election may be ordered for that purpose.

In this case, an election was ordered. The matter in the hands of the defendant, Dr. Edwin A. Elliott, acting either on his own right or under instruction of his superiors, has not counted the ballots.

A bill seeking in effect a mandatory injunction to compel him to count the ballots is before the court.

■ The defendant moves to dismiss the bill on the ground that the court is without power of review. We are inclined to disagree with that position. We think one of the greatest expressions of the rights of man, was art. 12 of the North Carolina Bill of Rights, 1776. The effect of which was that no situation should ever arise affecting a man's life, liberty, property or privileges, for which he would not have some tribunal to which he might go, and have his rights and grievances adjudicated.

We think under the present legislation of Congress that the right of review is very clear.

Now, coming down to the original petition, or bill, for injunction, of a mandatory type, to require the defendant to open the ballots. The plaintiff, in elections, has shown itself entitled to such, except and unless it be because of and on account of being affiliated with another organization who has not filed the necessary affidavit.

The close point in the case is whether or not this Company, or this plaintiff, can be bound or should be bound by the action of its affiliate.

■■ The American Federation of Labor, and the CIO, as a matter of common knowledge, are made up of constituent units, just like the Federation of Women's Clubs. The policy of this particular unit— or, rather, to state it conversely—the policy of the CIO is shaped by the joint action of its several units. They are, therefore, affiliated in a sense that they are a part of it, and since they make up the voice or policy of the CIO the CIO in turn must of necessity have its influence on the policies of its affiliates. It is the natural thing for them to do in order to secure the most effective results.

Then, what did Congress have in mind in writing these provisions? Taking section 9, subsection g of the National Labor Relations Act, 29 U.S.C.A. § 159(g) it reads that it shall be the duty of all labor organizations to file annually with the Secretary of Labor, in such form as the

Secretary of Labor may prescribe, reports bringing up to date information required, and, further:

"No labor organization shall be eligible for certification under this section as a representative of any employees, no petition under Section 9-E-1 shall be entertained, and no complaint shall issue under Section 10, with respect to the charge of labor organizations, unless they can show that it, and any national or international labor organization of which it is an affiliate or constituent unit has complied with its obligation under this subsection."

Another subsection provides—

"That no investigation shall be made by the Board of any question affecting commerce concerning the representation of employees, raised by labor organization under subsection (c) of this section, no petition under section 9(e)(1), shall be entertained, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 10, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force." 29 U.S.C.A. § 159(h).

The question might be insisted upon, and no doubt is, that Congress has no right to interfere in these matters by reason of a man's belief.

The powers of Congress are outlined and defined by the Constitution of the United States. Section 4, Article 4, I believe it is, which provides that the National Government shall guarantee to each state a Republican form of government. It is recognized that the Communistic form of government is not a representative form of government. Ours is a representative form of government, whereby the representatives of the people chosen by the people, determine the policies of the nation.

In the Communistic form, you have more of the dictatorial type. It nowhere has functioned except by and in the hands of a dictator, therefore, it behooves the National Government to curb the growth of any system that would destroy representative government and bring about government by force.

We think that is a matter of policy for Congress to determine. We believe that the evidence discloses that the complainant is an affiliate of an organization that has not yet complied with the provisions of law. In reasonable time, doubtless, that compliance will be had, but if the law means what it says, that compliance must be had before any action could be had here by this court.

If the plaintiff were not a member and not affiliated with an organization that had not yet complied, they would be entitled to relief, but being an affiliate with an organization that has not yet complied with the provisions of the law, the petition will be denied.