## NEFF v. UNITED STATES.

### No. 48830.

United States Court of Claims.

Dec. 6, 1948.

No appearance for plaintiff.

D. B. MacGuineas, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff alleges that between the years 1930 and 1940 he devoted his time to a study of the economics of the United States and that during that period he wrote a number of legislative proposals which are listed in his petition; that these proposed bills were enacted into law; that he has made many applications to the Congress and the Government for compensation for his services and has not been paid therefor. He alleges that the reasonable value of his services in connection with the various proposed bills amounts to $75,000, for which he sues.

The petition was filed September 2, 1948.

The defendant demurs to the petition on the ground that the cause of action, if any existed, is barred by the Statute of Limitations. Defendant further demurs on the ground that the petition does not allege any contract, express or implied, on the part of the Government to compensate the plaintiff.

The pertinent part of the Statute of Limitations embodied in Section 156 of the Judicial Code, 28 U.S.C.A. § 262 [now 28 U.S.C.A. § 2501], is as follows:

"Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court * * * within six years after the claim first accrues. The claims of married women, first accrued during marriage, of persons under the age of twenty-one years, first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court * * * within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively."

Since the petition was filed in September 1948, more than six years after the services were alleged to have been rendered, and since plaintiff does not claim to come within any of the exceptions named in the statute, this court is without jurisdiction to pass upon the merits of the claim. Any government, being sovereign, can be sued only in cases in which consent has been given. Under our system of government that consent can be given only by the Congress. Congress in its discretion has seen fit to limit that permission by specifying the time within which suit may be brought, and we have no choice in the matter.

In view of this disposition, it is not necessary to pass upon whether or not the peti-

tion directly or indirectly alleges a contract express or implied upon the part of the Government to compensate plaintiff for his services. In view of the fact that we have no jurisdiction under the terms of the statute to consider the claim on its merits, the demurrer is sustained and the petition dismissed. It is so ordered.