Mary KESSLER, Plaintiff-Appellant,

v.

GENERAL SERVICES ADMINISTRA-TION, U. S. Civil Service Commission, Arthur Miller, D. P. Dunne, Harold Moss, Martin D. Freier and Leo Kurtz-berg, Defendants-Appellees.

Nos. 57, 58, Dockets 28947–28948.

United States Court of Appeals
Second Circuit.

Argued Oct. 8, 1964.

Decided Nov. 24, 1964.

---

Mary Kessler, pro se.

Alan G. Blumberg, Asst. U. S. Atty., Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, on the brief), for appellees.

Before LUMBARD, Chief Judge, and HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

The plaintiff appeals from orders of the United States District Court for the Southern District of New York granting summary judgment to the defendants in two actions. We affirm the judgment of the district court.

The claims in plaintiff's two suits overlap to a considerable extent, and all are based on her employment with the General Services Administration. She complains of a reduction in civil service grade in 1958, a 10 day suspension in 1962, performance ratings in 1962 and 1963, and her proposed discharge in 1963, which has now become effective. In addition, she seeks to enjoin the defendants from making allegedly libelous statements or interfering with her performance of her work and asks for $1,-000,000 in damages for injury to health and deprivation of happiness since 1952.

The district court applied well-settled principles of law to each of plaintiff's claims, and it found each to be without merit. Review of the 1958 reduction in grade is now barred by laches; plaintiff's performance ratings and her discharge may not be reviewed because she has not exhausted administrative procedures; there is no jurisdiction as to the $1,000,000 tort claim since the General Services Administration and the Civil Service Commission may not be sued, there is no diversity with respect to the individual defendants, and the United States is not liable for the deliberate torts of its agents of the kind alleged.

Only with respect to the requested injunction and the 1962 suspension did the district court consider the merits of plaintiff's claims. Noting that courts generally will not enjoin torts against the person, it held that plaintiff's complaint showed no possible basis for injunctive relief. And it held that it could examine the 1962 suspension only to determine whether applicable procedural requirements had been met and that they had been met in this case.

The judgment of the district court is affirmed.