**Leo A. BACA and Robert E. Fair, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 72–1225.

United States Court of Appeals, Tenth Circuit.

Oct. 16, 1972.

Louis G. Stewart, Jr., Albuquerque, N. M., for plaintiffs-appellants.

Victor R. Ortega, U. S. Atty., and Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., for defendant-appellee.

Before LEWIS, BARNES,* and HILL, Circuit Judges.

BARNES, Circuit Judge.

Plaintiffs filed their complaint for damages under the Federal Tort Claims Act. 28 U.S.C. 1346 et seq. Each had been employees of Sandia Corporation, "formed at the instance of the United States of America, through its agency, the Atomic Energy Commission." Each plaintiff alleged he called certain matters involving a breach of security to the attention of Sandia Corporation, and to the United States of America; that the Sandia Corporation "transmitted and disseminated untrue, derogatory and scandalous information about plaintiffs to their fellow employees"; attempted to transfer plaintiffs to other jobs which they were not equipped to perform, and finally fired them; that the United States knew, or should have known of Sandia Corporation's acts, and "negligently and carelessly failed to make Sandia Corporation cease its action." Thus the action is one in tort against the sole defendant.

The United States moved to dismiss, or require the plaintiffs to make their claims more definite and certain.

The trial court was of the opinion that the complaint did not allege that the Sandia Corporation "was an instrumentality of the United States," and therefore "does not state a claim against the United States."

Appellant and plaintiffs were granted leave to amend; and added to their original complaint the following two conclusions: (a) "Sandia Corporation at all times material herein *primarily acted as an instrumentality or agency of the United States*." (Emphasis added.) No detail was supplied. (b) "[t]hat the defendant had a duty to plaintiffs to protect them from the tortuous conduct alleged."[1] No detail was supplied.

Upon a second motion by the United States to dismiss, the action was dismissed with prejudice. Defendants appeal. We *affirm*.

As stated above, each of the amendments added to the original complaint were conclusionary in form, and added no facts to the original pleading. Appellants suggest that their pleadings "should be liberally construed to do substantial justice."

* Honorable Stanley N. Barnes of the Ninth Circuit, sitting by designation.

[1] We note a total absence of any allegation that the United States or the Atomic Energy Commission at any time or in any way supervised or exercised managerial responsibility over Sandia Corporation.

When a sovereign is sued, it can determine for what it may be sued, how far that right may be restricted, and how far the government will waive its sovereign immunity, if at all. United States v. Shaw, 309 U.S. 495, 500–501, 60 S.Ct. 659, 84 L.Ed. 888 (1940); Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633 (1938); Reid v. United States, 211 U.S. 529, 538, 29 S. Ct. 171, 53 L.Ed. 313 (1909).

"Any government, being sovereign, can be sued only in cases in which consent has been given." Neff v. United States, 81 F.Supp. 234, 113 Ct.Cl. 1 (1948).

Plaintiffs have been careful not to say the Sandia Corporation *is* an instrumentality or agency of the United States government. This is significant.[2]

But if such a bare allegation were sufficient to come within the definition of 28 U.S.C. § 1346(b) and § 2671, this litigation would be subject to the "exclusive remedy" statute (28 U.S.C. § 2679); and the "exceptions" statute (28 U.S.C. § 2680). The latter states:

"The provisions of this chapter [171] and section 1346(b) of this title [28] shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure

to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

\* \* \* \* \* \*

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Thus, claims based on discretionary acts involving an agency or its employees are excluded, as are claims for *libel, slander,* misrepresentation, deceit, or *interference with contract rights.*

To state a cause of action in a suit against defendants, plaintiffs must bring themselves *within* the sovereign grant of permission to sue, and *without* the statutory exceptions retained. Kessler v. General Services Administration, 341 F.2d 275 (2d Cir. 1964); Smith v. United States, 333 F.2d 70 (10th Cir. 1964); Dupree v. United States, 264 F. 2d 140 (3rd Cir. 1959); cert. denied, 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67 (1959); Dupree v. United States, 247 F.2d 819, 824 (3rd Cir. 1957).

As to 28 U.S.C. § 2680(a), and "discretionary functions," *see* Blaber v. United States, 212 F.Supp. 95, 99 (E.D. N.Y.1962), aff'd 332 F.2d 629 (2d Cir. 1964); Irzyk v. United States, 412 F.2d 749 (10th Cir. 1969)—"Where there is room for policy judgment and decision

---

2. We perhaps could take judicial notice of the common knowledge that Sandia Corporation is a *contractor* with the Atomic Energy Commission, operating *facilities* at Kirtland Air Force Base, Albuquerque, New Mexico, Livermore, California, and Tonopah, Nevada (1971 Report—"Major activities in the Atomic Energy Program," p. 215) *Cf.* Aleut League v. Atomic Energy Comm., 337 F.Supp. 534, 538 (D. Alaska 1971).

Were we to do so, we would be going no further than many other courts have gone. *See:* Sarner v. Mason, 228 F.2d 176, 179 (3d Cir. 1955), cert. denied 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956);

Interstate Nat. Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953); Terminal R. Ass'n. of St. Louis v. Kimbrel, 105 F.2d 262, 263 (8th Cir. 1939); People v. United States, 146 F.Supp. 341, 342 (S.D.1956); Ivey v. United States, 88 F.Supp. 6 (E.D.Tenn. 1950); Bohannon v. American Petroleum Transport Corp., 86 F.Supp. 1003, 1005 (S.D.N.Y.1949); Murray v. Union Pacific R. Co., 77 F.Supp. 613, 614 (N.D.Ill. 1948); Oil Workers International Union v. Elliott, 73 F.Supp. 942, 943 (N.D. Texas 1947).

However, it is not necessary to do so in deciding the issues in this case.

there is discretion."; Dalehite v. United States, 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953).

As to 28 U.S.C. § 2680(h) [libel, slander and interference with contract rights], *see* Kessler v. General Services Administration, *supra*; Teplitsky v. Bureau, United States Dept. of Labor, 288 F.Supp. 310 (S.D.N.Y.1918), aff'd 398 F.2d 820 (2d Cir. 1968), cert. denied 393 U.S. 943, 89 S.Ct. 311, 21 L.Ed.2d 280 (1968); Ruderer v. Meyer, 413 F.2d 175 (8th Cir. 1969), cert. denied 396 U.S. 936, 90 S.Ct. 280, 24 L.Ed.2d 235 (1969).

Affirmed.