John K. **FLOWERS**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 9485.

United States District Court
W. D. Oklahoma.

June 9, 1964.

---

Thomas E. Bennett, Oklahoma City, Okl., for plaintiff.

Leonard L. Ralston and Robert L. Berry, Asst. U. S. Attys., Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

In this case, the plaintiff, John K. Flowers, seeks damages against the defendant, the United States of America, under the Federal Tort Claims Act, 28 U.S.C.A. § 1346. Plaintiff claims that employees of the United States of America committed a tort against the plaintiff, in that said employees obtained and delivered certain hospital records of the Veterans Administration pertaining to plaintiff without plaintiff's release, consent or knowledge, in violation of plaintiff's right of privacy and in violation of Veterans Administration regulations.

The defendant admits that certain records of the plaintiff in the possession of the Veterans Administration were delivered by employees of the Veterans Administration to employees of the Internal Revenue Service, but states that such actions on the part of the Veterans Administration and the Internal Revenue Service and its employees were authorized by Title 38 U.S.C.A. § 3301 and pertinent regulations of both the Internal Revenue Service and Veterans Administration in that said records pertained to a claim or claims made by the plaintiff with the Veterans Administration and under said authority the same were not confidential and privileged in the circumstances and purview of this case.

As the issues were thus joined the case was pre-tried, at which time the Court separated the issues to be tried in this case and designated that, first, the issue

of liability on the part of the defendant would be heard and determined and if such issue is decided in favor of the plaintiff, a second hearing would be held at which evidence would be received with reference to damages sustained by plaintiff, if any.

The evidence of record as to the liability question indicates that the plaintiff was transferred in Government employment from Tinker Air Force Base to the Internal Revenue Service at Oklahoma City as a GS–9 for the position of Valuation Engineer, this transfer of employment being effective on May 21, 1956. Ten days thereafter, or on May 31, 1956, the Internal Revenue Service of Oklahoma City made a routine request on Form 1790 (Rev. 6–55) to the Regional Inspector of IRS at Dallas, Texas, for a request for investigation of the plaintiff for the type position he was then occupying as a Valuation Engineer GS–9.

As a result of this request Inspectors for the Internal Revenue Service investigated the plaintiff and in the course thereof an Inspector in the person of Riley B. Winget, working under the office of the Regional Inspector, I.R.S., Omaha, Nebraska, on February 28, 1957, presented his official credentials and stated the official purpose of his investigation to the Veterans Administration Hospital in Topeka, Kansas, and made an oral request to review the Veterans Administration file of the plaintiff located and maintained at such institution. This request was granted by authorized personnel of said Hospital and said Inspector then reviewed said file and took therefrom a copy of a narrative summary of medical information signed by physicians of the Hospital which pertained to the plaintiff. Said file so reviewed and the copy of the document taken therefrom pertained to a supplemental claim for benefits by the plaintiff as a veteran for a service-connected nervous condition. (See letter to Adjudication Division Veterans Administration, dated February 8, 1952, making supplemental claim for nervous condition).

As a further result of said request (Form 1790) from I.R.S. Oklahoma City

to the Regional Inspector, I.R.S. Dallas, to investigate the plaintiff, and in the course thereof an Inspector in the person of Monroe I. Miller, working out of Washington, D. C., presented his official credentials and made written requests to officially review the Veteran Administration file of the plaintiff which was then in Washington, D. C., by reason of some appellate matter in connection with plaintiff's affairs with the Veterans Administration. These requests of Inspector Miller were in writing and signed by him, one dated April 16, 1957, and the other May 7, 1957, and both requested authority to review the V. A. file of plaintiff for official use in connection with an investigation of plaintiff for physical fitness for position or employment. As a result of these requests of Inspector Miller the V.A. claims file of the plaintiff, normally kept at the regional office at Muskogee, Oklahoma, was delivered to the Inspector in Washington, D. C., by employees of the Veterans Administration and he reviewed the same and obtained from it certain information.

From the evidence of record, it appears that the file in each instance delivered to and reviewed by Inspector Miller was the claims file of plaintiff opened by the Veterans Administration on November 14, 1946, under Claim File No. 13187348, which Claims Number was assigned to plaintiff, as a result of plaintiff at that time making a claim on V.A. Form 526 as a Veteran for pension or compensation for disability (shoulder trouble) resulting from active military service. Plaintiff had been relieved from active duty by orders dated October 24, 1946. An examination of the Claims file, which is defendant's Exhibit 1 in the case, reveals that all documents contained therein appropriately pertain to such claim or later supplemental claims made by the plaintiff with the Veterans Administration for certain benefits.

38 U.S.Code Ann. § 3301, provides in part as follows:

"All files, records, reports, and other papers and documents pertaining to any claim under any of the

laws administered by the Veterans' Administration shall be confidential and privileged, and no disclosure thereof shall be made except as follows:

"* * *

"(3) When required by any department or other agency of the United States Government." * * *

38 U.S.Code Ann. § 3302, provides:

"Any person desiring a copy of any record, paper, and so forth, in the custody of the Veterans' Administration, which may be disclosed under section 3301 of this title, must make written application therefor to the Veterans' Administration, stating specifically—

"(1) the particular record, paper, and so forth, a copy of which is desired and whether certified or uncertified; and

"(2) the purpose for which such copy is desired to be used. (b) The Administrator is authorized to fix a schedule of fees for copies and certification of such records."

Veterans Administration regulation 506 (38 C.F.R. 1.505) reads as follows:

*"Disclosure of records to Federal Government departments and State Unemployment Compensation Agencies.* All records or documents required for official purposes by any department or other agency of the United States Government or any State Employment Compensation Agency acting in an official capacity for the Veterans Administration shall be furnished in response to an official request, written or oral, from such department or agency. If the requesting department or agency does not indicate the purpose for which the records or documents are requested and there is doubt as to whether they are to be used for official purposes, the requesting department or agency will be asked to specify the purpose for which they are to be used."

The Internal Revenue Manual, Part X, Section 310.12.2, Par. 6 with reference to obtaining records or information from the Veterans Administration reads as follows:

"When it is necessary to review the military record, the collateral request must contain the full name, serial number, date of service, date and place of birth, and branch of service. It should be forwarded to the appropriate Regional Inspector in accordance with the following:

* * * * * *

(6) *Veterans Administration:* If the individual received a medical or disability discharge and is receiving or has applied for disability compensation, information regarding his condition may be obtained from the appropriate facility of the Veterans Administration. Specific medical information concerning the physical or mental condition of a former member of the Armed Forces shall not be imparted to that individual or any other person interviewed during the investigation."

■ Thus, since it appears from the evidence that all the papers and documents obtained by Inspectors Winget and Miller of the Internal Revenue Service and delivered to them by employees of the Veterans Administration pertained to a claim or supplemental claims made by the plaintiff with the Veterans Administration the same were not confidential and privileged but were entitled to be disclosed by the Veterans Administration to the Internal Revenue Service under Title 38 U.S.Code, § 3301, set out above, and therefore such disclosure cannot be the foundation of a tort action by plaintiff for a violation of his right of privacy.

Further, it appears to the Court that the purpose of the investigation being made of the plaintiff by the Internal Revenue Service and its employees was with reference to his occupying the position as Valuation Engineer GS–9 with the Internal Revenue Service and that such an investigation made pursuant to

a routine request covers the character, security, and physical fitness of the plaintiff to occupy such type position. It appears entirely proper in making such an investigation to review information pertaining to the Plaintiff in the hands of the Veterans Administration in connection with a claim or claims made by plaintiff with the Veterans Administration for benefits. There can be no doubt that such is within the plain meaning, intent and spirit of Title 38 U.S.C.A. § 3301.

■ It therefore follows that the Internal Revenue Service was entitled to and did in fact require this information from the Veterans Administration under said Title 38 U.S.Code, § 3301, and that the actions of its employees connected therewith and the actions of the employees of the Veterans Administration in turning over such information did not violate the plaintiff's right of privacy, but such actions were specifically authorized by said Act of Congress. By making a claim for benefits to the Veterans Administration plaintiff, in legal effect, agreed and consented to these actions.

Plaintiff asserts that Inspector Winget and the officials of the Veterans Administration Hospital at Topeka did not comply with the provisions of Title 38 U.S.Code Ann. § 3302, which requires written application for a copy of any record or paper when Mr. Winget orally applied and obtained and the Hospital upon such oral application released a copy of the narrative summary of medical information regarding the plaintiff from the Veterans Administration Hospital files at Topeka.

It is noted that the Veterans Administration regulation makes no such requirement (written application) and that said provision of the Code authorizes the Veterans Administration Administrator to fix a schedule of fees for copies and certification of Veterans Administration records. Moreover, it is recognized that agencies or branches of the Federal Government are not required to pay fees for copies of documents obtained or certified from other branches or agencies of

the Federal Government. See 38 C.F.R., 1.526(c). In addition, said section of the Code refers to "any person" desiring a copy of a record, etc. in the custody of the Veterans Administration. The United States Supreme Court in United States v. Cooper Corporation, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071, said that in common usage the term "person" does not include the sovereign and that statutes employing the phrase are ordinarily construed to exclude it. Further, that while this is not a hard and fast rule of exclusion the purpose, subject matter, the context, the legislative history and the executive interpretation of the statute are aids to indicate if there was an intent to bring the sovereign within the scope of the term.

■ The Veterans Administration administrative interpretation of Title 38 U.S.Code Ann. § 3302, is and has been for some time that an official request, written or oral, is sufficient upon which to furnish records from the Veterans Administration to another department or agency of the United States Government. This administrative interpretation over the years without the Congress taking action to modify the Code indicates, according to authorities too well known to require citation, the approval of Congress to such administrative interpretation.

■ In these circumstances, it is felt that Title 38 U.S.Code Ann. § 3302, does not apply to an agency or branch of the Federal Government but rather to "any person" who may be entitled to have such a copy under the other exceptions listed in Title 38 U.S.Code Ann. § 3301.

■ Accordingly, plaintiff's position is not believed well taken and a written application from Mr. Winget to the V.A. Hospital at Topeka was not essential under the law. Mr. Winget showing his official credentials, stating the official nature of his request and in fact being on official business in connection with such records, was entitled to review the same and obtain a copy of any of the records without the necessity for submitting a written application.

Plaintiff has failed to prove or establish a claim to which he is entitled to have relief against the defendant. There being no liability on the part of the defendant herein to the plaintiff, the Complaint of plaintiff should be dismissed. Counsel for defendant will prepare a judgment to said effect for the signature of the Court.