**Ella Louise SQUALLS, Plaintiff,**

v.

**UNION FIDELITY LIFE INSURANCE COMPANY, Defendant.**

**No. 76 C 1639.**

United States District Court,
N. D. Illinois, E. D.

Sept. 22, 1977.

**972**

Brody & Gore, Chicago, Ill., for plaintiff.

Donald Segal, Chicago, Ill., for defendant.

Memorandum

LEIGHTON, District Judge.

This is an action originally commenced in the Circuit Court of Cook County by plaintiff Ella Louise Squalls against defendant Union Fidelity Life Insurance Company for breach of a life insurance contract. Defendant petitioned for removal pursuant to 28 U.S.C. § 1441 alleging that the action is within this court's original jurisdiction under 28 U.S.C. § 1332. After examination of the allegations of the complaint and the petition for removal, the court concludes that it is without jurisdiction of this action; that removal was improvident; and that the case must be remanded to the state

court. See 28 U.S.C. § 1447(c); 1A J. Moore's Federal Practice ¶ 0.169[1] (1974).

The requisite amount in controversy in diversity cases for purposes of federal jurisdiction must exceed $10,000.00, "exclusive of interest and costs." 28 U.S.C. § 1332. Failure to allege the requisite amount renders the complaint defective, although plaintiff may amend to avoid dismissal. *Schlesinger v. Councilman*, 420 U.S. 738, 744 n. 9, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Gibson v. Jeffers*, 478 F.2d 216, 220–21 (10th Cir. 1973); *cf. Canadian Indem. Co. v. Republic Indem. Co.*, 222 F.2d 601 (9th Cir. 1955). In this case, however, plaintiff prays for "$10,000.00, and for further and other relief as the court deems just and proper"; the prayer is based on "a written life insurance policy . . . in the sum of $10,000.00." It is thus apparent that the complaint cannot be amended to allege the jurisdictional requisite; the amount in controversy in this suit is $10,000.00 plus costs and interest. In this situation, 28 U.S.C. § 1447(c) clearly commands that the removed action, over which this court has no jurisdiction, should be remanded to the state court which has jurisdiction.[1] *Crenshaw v. Great Central Ins. Co.*, 482 F.2d 1255, 1259 (8th Cir. 1973). Accordingly, this action is hereby remanded to the Circuit Court of Cook County, Illinois.

So ordered.

1. The court notes that the existence of defendant's counterclaim does not affect this determination. Because the court lacks jurisdiction over the original claim and the counterclaim has no independent jurisdictional basis, the court is without jurisdiction over the counterclaim. See 1 J. Moore's Federal Practice ¶ 09.98[1] (1977).