**Werner G. STEINAGEL, Plaintiff,**

v.

**Raymond JACOBSON et al., Defendants.**

No. C–3–79–365.

United States District Court,
S. D. Ohio, W. D.

Nov. 4, 1980.

David L. Hall, Dayton, Ohio, for plaintiff.

Donetta D. Wiethe, Asst. U. S. Atty., Dayton, Ohio, for defendants.

## DECISION AND ENTRY ON MOTIONS; PLAINTIFF GIVEN LEAVE TO AMEND COMPLAINT; ACTION DEFERRED ON OTHER MOTIONS

RICE, District Judge.

The captioned cause came to be heard upon Defendants' motion, seeking an Order of the Court: dismissing the Complaint for the reason that the Court lacks subject matter jurisdiction or because venue is improper, pursuant to F.R.C.P. 12(b)(1), (3); or, alternatively, entering summary judgment in Defendants' favor, pursuant to F.R.C.P. 56; or, alternatively, dismissing the Complaint as to the Defendant Raymond Jacobson for reason that he is not a proper party, pursuant to F.R.C.P. 21.

The Plaintiff, Werner G. Steinagel, is a former United States Marshal who was discharged from that position in September, 1978, and who has exhausted all available administrative remedies in an unsuccessful attempt to regain his employment since that time. In addition to Raymond Jacobson, who is the former Executive Director of the United States Civil Service Commission, the Defendants are the unnamed Director of the Merit Systems Protection Board, the United States Attorney General (Benjamin Civiletti), and the Director of the United States Marshals Service (William E. Hall).

Plaintiff's cause is based on allegations that his discharge: (1) was arbitrary, capricious, an abuse of the employing agency's

discretion, and not in accordance with law; (2) was obtained without the agency's compliance with procedures required by law; and (3) was not supported by substantial evidence of cause for discharge. Plaintiff demands that the agency's decision to terminate his employment be reversed, and that he be reinstated to his position with back pay and other appropriate compensation.

At the threshold, this Court is confronted with a complex question of subject matter jurisdiction, the resolution of which will not only determine whether this action (or any part thereof) may proceed in a federal district court, but may also determine, in considering venue, whether the action should proceed in *this* particular district court.

The Complaint predicates jurisdiction on 28 U.S.C. § 1343(4) (concerning actions for relief under federal civil rights statutes), 28 U.S.C. § 1346(a) (concerning, in relevant part, claims against the United States not exceeding $10,000), and 28 U.S.C. § 1346(b) (concerning actions on tort claims against the United States). In memorandum, Plaintiff says that if jurisdiction cannot be founded upon these statutes, then leave to amend will be requested, pursuant to 28 U.S.C. § 1653, to allege jurisdiction under 28 U.S.C. § 1331 (general federal question jurisdiction) and 28 U.S.C. § 1361 (concerning actions in the nature of mandamus).

■ The Court concludes that jurisdiction over Plaintiff's cause, herein, certainly cannot be founded on either Section 1343(4) or Section 1346(b). Although, as Plaintiff contends, employment rights may, under some circumstances, constitute property rights of constitutional dimension and in that sense thereby be considered "civil rights," the statutes respecting federal civil service employment cannot be considered "Act[s] of Congress providing for the protection of civil rights" for purposes of Section 1343(4). Plaintiff's contention is similar to that rejected by the Supreme Court in *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), wherein the "arguable" characterization of social security benefits

as "civil rights" was held not to warrant jurisdiction of an action arising under the Social Security Act upon the "more restrictive meaning [of 'civil rights'] as used in the jurisdictional statute." *Id.* at 621, 99 S.Ct. at 1917. Rather, it appears that the "civil rights" comprehended by Section 1343(4) are those rights in the nature of personal liberties (i. e., freedom of speech, press, religion, voting rights), and not those dependent for their existence upon property rights. *Id.* at 623, 99 S.Ct. at 1919, *citing McCall v. Shapiro*, 416 F.2d 246, 249 (2d Cir. 1969). (By the same token, and contrary to Defendants' contention, herein, the Court understands that there is no requirement that a deprivation of appropriate "civil rights" *be under color of state law* (as opposed to "under color of *federal* law") for purposes of Section 1343(4). *Chapman* at 619–20 n. 38, 99 S.Ct. at 1917 n. 38).

■ By its terms, Section 1346(b) only provides jurisdiction to the extent that the sovereign has waived its immunity under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, and established a corresponding remedy therein. However, it is "beyond question" that claims based upon wrongful discharge under a *contract of federal employment* are "wholly alien" to the remedy provided for *tortious conduct* under the Federal Tort Claims Act. *Young v. United States*, 498 F.2d 1211, 1218 (5th Cir. 1974). As succinctly stated in *Wham v. United States*, 458 F.Supp. 147, 151 (D.S.C.1978):

> Congress has provided remedies for review of administrative decisions to remove employees; however, the Federal Tort Claims Act is not considered one of them.

■ The remedy for review of federal employee discharges *currently* provided by Congress is set forth in 5 U.S.C. § 7703(b)(1), Civil Service Reform Act of 1978, § 205, P.L. 95–454, 92 Stat. 1111, 1143, which authorizes such review *only* in the Court of Claims or a United States Court of Appeals. However, because Plaintiff's discharge occurred prior to the effective date of Section 7703(b)(1), jurisdiction to review his discharge must be determined "as if this

Act had not been enacted." Civil Service Reform Act of 1978, § 902(b), P.L. 95–454, 92 Stat. 1111, 1224. *See Glenn v. Merit Systems Protection Board*, 616 F.2d 270, 271 (6th Cir. 1980).

The courts authorized to review federal administrative decisions, including personnel actions prior to the enactment of Section 7703(b)(1), are defined by 5 U.S.C. § 703. Section 703 provides in pertinent part:

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction.

■ In turn, the jurisdictional competency of potential courts of review must be determined by reference to specific statutory grants of jurisdiction, the applicability of which depend in many instances upon the type of relief sought by the discharged employee. Thus, where the employee seeks reinstatement upon review of his discharge, and where such reinstatement may be properly characterized as relief in the nature of mandamus (i. e., reinstatement is a "clear duty" owed to plaintiff), federal district court jurisdiction may be properly founded upon 28 U.S.C. § 1361. Similar relief, characterized as "restoration to office or position," may also be obtained in the Court of Claims under 28 U.S.C. § 1491.

■ Moreover, where monetary relief is sought from the government under the Back Pay Act, 5 U.S.C. § 5596, the district court has jurisdiction over such claim for relief up to $10,000 under 28 U.S.C. § 1346(a)(2), and the Court of Claims has concurrent jurisdiction, again, under Section 1491. However, where requested monetary relief exceed $10,000, jurisdiction over such claim lies *exclusively* in the Court of Claims under Section 1491.

The interrelationship between and operation of Sections 1346(a)(2), 1361, and 1491, in the context of the present case may be properly summarized as follows:

Presently, then, in an officer or employee case, if the back pay that is sought is $10,000 or under, he has a choice of proceeding in the district court or the Court of Claims *and may obtain full relief in either court.* If his claim is for more than $10,000, he must proceed in the Court of Claims [in order to obtain both reinstatement and full back pay].

1 *Moore's Federal Practice* ¶ 0.65[2.–3] at 700.110–.111 (emphasis added; footnotes deleted).

■ Therefore, upon amendment of Plaintiff's Complaint to plead jurisdiction under 28 U.S.C. §§ 1331, 1361 (in addition to 28 U.S.C. § 1346(a)(2) as already pleaded), this Court concludes that it would have jurisdiction to hear Plaintiff's claims for reinstatement and back pay, *provided that Plaintiff's claim for* back pay does not exceed $10,000 in amount.

The Court notes that the Complaint does not presently set forth the specific amount of back pay claimed by Plaintiff. It is, of course, the Plaintiff's burden to sufficiently allege all pertinent factual prerequisites to jurisdiction, and this principle applies as much to pleading the $10,000 ceiling under Section 1346(a)(2), as it does, for example, to pleading the $10,000 floor in 28 U.S.C. § 1332(a). F.R.C.P. 8(a)(1); *Konecny v. United States*, 388 F.2d 59, 62 (8th Cir. 1967); *Squalls v. Union Fidelity Life Insurance Company*, 437 F.Supp. 971 (N.D.Ill. 1977). Therefore, Plaintiff must amend his Complaint to allege the maximum amount of back pay claimed. Moreover, the amount pleaded must be exclusive of anticipated setoffs for which the government may or may not counterclaim. *Larsen v. Hoffman*, 444 F.Supp. 245 (D.D.C.1977). However, Plaintiff may elect to claim only $10,000 even if more than that is due him, provided that he waives his claim to the excess. *Vander Molen v. Stetson*, 571 F.2d 617, 619 n. 2 (D.C.Cir.1977). If, in accordance with these principles, Plaintiff amends the Complaint to claim back pay less than

$10,000 in amount, then a District Court will have jurisdiction over the entirety of Plaintiff's cause.

If, however, Plaintiff's claim for back pay does exceed $10,000 in amount, then this Court would lack jurisdiction over such monetary claim (with respect to which jurisdiction would lie exclusively in the Court of Claims) even though it might appear to retain jurisdiction over the nonmonetary claim for reinstatement upon review of Plaintiff's discharge. It is clear that, in such event, the Court would have authority to transfer the monetary claim to the Court of Claims, and that no problem with statutory limitations would thereby be created. *See* 28 U.S.C. 1406(c). What is not clear, however, is whether this Court might thereupon properly proceed to exercise its apparent jurisdiction over the nonmonetary claim.

■ In one line of cases, it is held that the pleading of a back pay claim in excess of $10,000, in addition to a claim for reinstatement, presents *in essence* one claim for monetary relief within the exclusive jurisdiction of the Court of Claims. As a result, the district court is considered to lack jurisdiction to proceed on any part of such cause. *See, e. g., Mathis v. Laird*, 483 F.2d 943 (9th Cir. 1973); *Larsen v. Hoffman*, 444 F.Supp. 245 (D.D.C.1977). In contrast, another line of cases holds that the district court might transfer the monetary claim for back pay, pursuant to Section 1406(c), and yet proceed to exercise its apparent jurisdiction over the nonmonetary claim, if the Plaintiff elects to proceed in that fashion. *See, e. g., Giordano v. Roudebush*, 617 F.2d 511 (8th Cir. 1980); *Bruzzone v. Hampton*, 433 F.2d 92 (S.D.N.Y.1977). The question has not been addressed in this Circuit. However, this Court concludes that the better reasoned position is that followed in *Mathis* and *Larsen, supra*, primarily because of: (1) the lack of judicial economy which would accompany duplicated review of a single administrative decision, once by the Court of Claims for purposes of affording monetary relief, and once by the district court for purposes of obtaining other relief;

(2) the fact that complete relief can be afforded by a single review in the Court of Claims; and (3) the potential problems of collateral estoppel and *effective* district court usurpation of Court of Claims jurisdiction, should it first be determined in the district court that the employee was erroneously discharged.

Therefore, if Plaintiff herein amends the Complaint to claim back pay in excess of $10,000, and such monetary claim is thereby subject to transfer to the Court of Claims pursuant to Section 1406(c), this Court would order that the entirety of Plaintiff's cause be transferred therewith.

■ Should Plaintiff elect to claim back pay in the amount of $10,000 or less, such that a federal district court would have jurisdiction over the entirety of Plaintiff's cause under 28 U.S.C. §§ 1346(a)(2), 1361, the question of proper venue as raised by Defendants' motion must be considered. Generally, where all defendants in a civil action are officers of the United States, venue lies either in the district where the cause of action arose, or in the district where the plaintiff or any defendant resides. 28 U.S.C. § 1391(e). Where, however, the civil action is prosecuted under 28 U.S.C. § 1346(a)(2), venue lies only in the district where the plaintiff resides. 28 U.S.C. § 1402(a)(1).

■ Plaintiff resides in Florida. It is axiomatic that a specific venue statute controls over general venue provisions. *See, e. g., Bruns, Nordeman & Co. v. American National Bank & Trust Company*, 394 F.2d 300 (2d Cir.), *cert. denied*, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). If Plaintiff amends the Complaint to state a claim for back pay cognizable in a federal district court under Section 1346(a)(2), then venue would lie only in the district of his residence, with respect to that claim, under Section 1402(a)(1). *See, e. g., Langston v. United States Attorney General*, 293 F.2d 316 (3d Cir. 1961). The monetary claim would therefore be subject to transfer to that district under 28 U.S.C. § 1406(a). Further, pursuant to Defendants' motion and "in the interest of justice," this Court

would thereupon find that transfer of the balance of the claim (i. e., the request for nonmonetary relief) to the district of Plaintiffs' residence, "where it might have been brought" under Section 1391(e), would be warranted under 28 U.S.C. § 1404(a).

However, if Plaintiff *deletes* the monetary claim from the Complaint (seeking to litigate only the reinstatement claim), then venue would properly lie in this district under Section 1391(e). Although it appears that the decision to terminate Plaintiff may have been made in Washington, D.C., and that said decision was affirmed upon administrative appeal in Chicago, it further appears that Plaintiff was stationed in Dayton at the time of his discharge. Thus, the "operative fact" of discharge is deemed to have taken place in Dayton, and this would constitute a sufficient predicate to uphold Plaintiff's choice of forum, herein, on the basis that Plaintiff's cause of action "arose" in this district. *Cf. Lamont v. Haig,* 590 F.2d 1124 (D.C.Cir.1978).

In view of the numerous jurisdictional and venue alternatives which depend upon the form of the necessary amendment to the Complaint (i. e., whether Plaintiff's back pay claim exceeds $10,000, is less than $10,000, or is deleted), and because all such alternatives, save one (the last alternative discussed), would require that Plaintiff's cause proceed in a different court, this Court will not presently proceed to discuss the merits of Defendants' alternative motion for summary judgment. However, as an offer of gratuitous advice to Plaintiff's counsel, the Court might note that the administrative record of Plaintiff's discharge which has been filed, herein, *is certified.* Contrary to the belief of Plaintiff's counsel, such matter is properly cognizable by the Court in disposing of a summary judgment motion under F.R.C.P. 56, although not expressly provided for therein. *See Cohen v. McNamara,* 282 F.Supp. 308 (E.D.Pa.1968); 6 *Moore's Federal Practice* ¶ 56.22[1] at 56–1236. Thus, Defendants' motion is adequately supported, and Plaintiff would be ill-advised to rely upon the absence of an affidavit, deposition, interrogatory, or admission, as the sole ground for opposition to said motion.

For the forestated reasons, Defendants' motion is held in abeyance. Upon its own motion, pursuant to F.R.C.P. 12(h)(3) and 28 U.S.C. § 1653, the Court grants Plaintiff leave to amend his Complaint in order to correct the jurisdictional allegations, therein, and, more specifically, to affirmatively set forth the amount of his back pay claim, if he chooses to pursue same. The Court will thereupon determine whether jurisdiction and/or venue is proper herein, and proceed in accordance with the foregoing discussion.

In summation, if the Plaintiff amends his Complaint by deleting his request for back pay, this Court has jurisdiction and venue is proper within this District. The Court will then proceed to rule upon the Defendants' motion for summary judgment. If the Plaintiff amends his Complaint to request $10,000 or more in back pay, that back pay claim is properly within the jurisdiction of the Court of Claims. Since this Court believes that the better part of wisdom is *not* to split lawsuits, the entirety of the case—back pay claim and claim for reinstatement—will be transferred to the Court of Claims. Finally, if the Plaintiff amends his Complaint by praying for recovery in a sum less than $10,000, jurisdiction is proper in *a* District Court, but venue is proper within the Middle District of Florida. This Court will, accordingly, transfer the captioned cause to said Court.