574 F.Supp. 365 (1983)
Dr. Bhartur N. PREMACHANDRA, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 83-0646-C(C).
United States District Court, E.D. Missouri, E.D.
October 4, 1983.
Canice Timothy Rice, Jr., St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon defendant United States of America's motion to dismiss. For the reasons set forth below, the motion is granted. Therefore the Court need not rule on plaintiff's or defendant's motions for summary judgment.
The relevant facts are as follows. On 16 September 1980, defendant employed plaintiff as Research Endocrinologist in the Veterans Administration, on which date defendant notified plaintiff of its intention to remove him from its employ, and thereafter defendant proceeded to implement its decision to discharge plaintiff. Plaintiff *366 appealed his discharge to the Merit Systems Protection Board of defendant. The plaintiff was reinstated by order of the Merit Systems Protection Board. Case Nos. SL07528110140, decided on 16 September 1981, and SL07528110140 ADD, decided on 29 January 1982. The findings include the following:
[E]ven after appellant's activities were approved, the agency proceeded to use those activities ... as other bases for effecting the appellant's removal. The evidence and argument presented by the appellant in response to the notice of proposed removal supported his assertion that he had not violated VA policy in the regulations cited.
After consideration of the arguments and presentations made by both parties, I must conclude that the agency should have known that the appellant's separation could not have been sustained when it effected the action. Whether the agency's recklessness or heedlessness was precipitated by ill-will or bad faith, the facts of this case clearly show that had the agency prudently made reasonable inquiry it would have and certainly should have ascertained at the outset the charges against the appellant were without merit. Instead it obdurately pressed on with the charges thereby unnecessarily subjecting appellant, the agency itself and indeed the Board to the substantial burden and expense of a wholly unfounded removal action. I must find that appellant is properly entitled to an award of attorney fees in the interest of justice.
Merit Systems Protection Board, Saint Louis Regional Office, Case Number SL07528110140 ADD, decided on 29 January 1982, page 11.
The administrative record in the personnel action, parts of which are attached to the complaint, shows that plaintiff was reinstated with full back pay and awarded attorney's fees by the Merit Systems Protection Board.
While plaintiff has made a strong case for the availability of the Federal Tort Claims Act to his situation, this court finds that such remedy is foreclosed to the plaintiff by reason of the comprehensive remedy given him under the Merit Systems Protection Board procedure. The court's power to grant relief is to be exercised in the light of relevant policy determinations made by the Congress. Bush v. Lucas, ___ U.S. ___, ___, 103 S.Ct. 2404, 2408-09, 76 L.Ed.2d 648, 654 (1983). Where there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy, notwithstanding the broad language of the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2671-80. Thus, if the plaintiff received a reasonable and fair compensation under the Merit Systems Protection Board procedure, then a federal tort claim is not available to him. See Alexander v. United States of America, 500 F.2d 1, 2-3 (8th Cir.1974).
The application to any particular fact situation of the presumption that a certain remedy is exclusive is dependent upon satisfying two critical requirements: (1) the individual whose claim may be barred must be covered by a compensation plan, and (2) that plan must provide comprehensive benefits to the injured party. 500 F.2d at 3. Both tests are met in this case: Premachandra was covered by the review and award given by the Merit Systems Protection Board, and the plan provides comprehensive benefits to the plaintiff.
Plaintiff was given a review of the adverse personnel action by Congress under the Civil Service Reform Act of 1978 (P.L. 95-454). The purpose of the Reform Act was to infuse and codify merit system principles within the procedures governing federal employment. Thomas v. Veterans Administration, 467 F.Supp. 458 (D.Conn. 1979) (citing Senate Report 95-969, 1978; U.S.Code Cong. and Admin.News pp. 2723, 2735). The Veterans Administration case spoke to the issues of the institution of dismissal proceedings for either racial or retaliatory motives, issues raised by Premachandra before the Merit Systems Protection Board. The compensation provided by the Merit Board and the provisions of *367 the Reform Act were said to be "ideally suited to deal with the troubling issues raised in the complaint." 467 F.Supp. at 463. In the Veterans Administration case, the court was dealing specifically with the Veterans Administration Employee's motion for injunctive relief, but the court's discussion does show that the presumption of exclusivity is appropriate in this case. The Merit Systems Protection Board reinstated plaintiff Premachandra and awarded attorneys fees. That compensation is exclusive, given the above findings.
While at first glance plaintiff's complaint seems to state a cause of action under the Federal Tort Claims Act, given the principle of exclusivity relative to the Civil Service Reform Act and the Merit Systems Protection Board, the United States of America has not consented to be sued under the FTCA regarding this type of case. Therefore, this court does not have jurisdiction to entertain the suit. See United States of America v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953-54, 47 L.Ed.2d 114 (1976).
Further, judicial review of decisions of the Merit Systems Protection Board is provided by review in the Court of Claims or a United States of America court of appeals. 5 U.S.C. § 7703. Defendant failed to comply with the appeals procedures of 5 U.S.C. §§ 7701, 7702, 7703. Claims based upon wrongful discharge of a federal employee are wholly alien to the remedy provided for tortious conduct under the Federal Tort Claims Act. Steinagel v. Jacobson, 507 F.Supp. 288, 290 (S.D.Ohio 1980). Congress has provided remedies for review of administration decisions to remove employees; however, the Federal Tort Claims Act is not considered one of them. Id. Cf. Bishop v. Tice, 622 F.2d 349, 357 (8th Cir. 1980) (damages could have been recovered by resort to the civil service remedies created by Congress); Young v. United States of America, 498 F.2d 1211, 1218 (5th Cir. 1974) (federal employee failed to state claim under Federal Tort Claims Act).