**Nancy A. RADFORD, Appellant,**

v.

**UNITED STATES of America et al.,**
**Appellees.**

**No. 17289.**

United States Court of Appeals
Fifth Circuit.

March 18, 1959.

Rehearing Denied April 15, 1959.

Damon G. Yerkes, Jacksonville, Fla., for appellant.

E. Coleman Madsen, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Southern Dist. of Florida, Jacksonville, Fla., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

■ Brought against the United States and several named individuals alleged to be officers or enlisted personnel of the United States Army with the jurisdiction based on the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., the suit sought damages against all defendants for what was alleged to be a conspiracy between the named individuals resulting in plaintiff's discharge from her position with the United States.

The defendants moved to dismiss for want of jurisdiction and because the complaint fails to state a claim upon which relief can be granted.

Thereafter plaintiff tendered for filing an amended complaint in all respects the same as the original except that the amended complaint went into more detail in regard to the conspiracy and the acts of the named conspirators under it.

The district judge, holding as to the individual defendants that jurisdiction was lacking because there was neither diversity nor federal question jurisdiction, dismissed the suit as to them without prejudice.

As to the United States, holding that no cause of action under the Federal Tort Claims Act was stated against it, he dismissed the suit with prejudice.

Plaintiff-appellant is here urging that the judgment was entered in error and should be reversed, while the appellees insist that there is no basis whatever for the maintenance of the suit, and the judgment of dismissal was properly entered.

■ We think there can be no doubt that this is so. It is so as to the individual defendants because no ground whatever for jurisdiction is stated in the complaint except the Tort Claims Act and that act makes no provision for suits against individuals not otherwise suable in the federal courts.[1] It is so as to the United States because no fact is alleged as to it upon which liability could be predicated under the invoked act. Not a single case [2] cited by appellant in support of her claim that a case against the United States under the Federal Tort Claims Act was alleged is in any respect in point here. We think none can be found.

■ As pointed out in the Loeb case, note 2, supra, "the gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy." We have found no case holding, we believe there is none, that the Tort Claims Act subjects the United States to a claim of the kind asserted here, that, as a result of a conspiracy to cause plaintiff's discharge, plaintiff was discharged by the officer or agent of the United States charged with the duty of determining whether a person in its employ should or should not be discharged. In the first place, the United States is by its nature incapable of entering into the conspiracy charged. In the second place, it is settled law that the federal government has the unquestioned right to choose its own employees and is therefore not liable for acts done by it in the exercise of this right. Cf. Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46.

1. Benbow v. Wolf [Wolf v. United States], 9 Cir., 217 F.2d 203.

2. Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065, and Oman v. United States, 10 Cir., 179 F.2d 738, dealing with claims of injury to property; Ortega v. Ragen, 7 Cir., 216 F.2d 561, a suit under the Federal Civil Rights Act; and Faulk v. Allen, 152 Fla. 413, 12 So.2d 109, Hunter Lyon, Inc. v. Walker, 152 Fla. 61, 11 So.2d 176, and Loeb v. Geronemus, Fla., 66 So.2d 241, 243, actions brought under state law for injuries resulting from a conspiracy.

Indeed the statute appellant invokes thus excepts a complaint such as plaintiff's is from its terms:

" * * * this title shall not apply to * * * (a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused. * * * (h) Any claim arising out of * * * misrepresentation, deceit, or interference with contract rights." 28 U.S. C.A. § 2680.

The judgment is right. It is affirmed.