**John K. FLOWERS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 8002.**

United States Court of Appeals
Tenth Circuit.

July 22, 1965.

Thomas E. Bennett, Oklahoma City, Okl., for appellant.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

Flowers brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging that his right of privacy had been tortiously violated by the release of certain of his medical records by the Veterans' Administration to investigators of his then employer, the Internal Revenue Service. He also alleges that the examination destroyed his privilege and property rights in those hospital records. On pre-trial it was determined that a hearing would be held on the question of liability under the Federal Tort Claims Act. Then, if necessary, a second hearing on the issue of damages would follow. At the conclusion of the first hearing, the trial court found that the plaintiff had failed to establish a claim upon which relief could be granted. Flowers v. United States, D.C.W.D.Okl., 230 F.Supp. 747.

The facts indicate that Flowers, immediately prior to May 21, 1956, was a government employee at Tinker Air Force Base in Oklahoma. Effective that date he accepted employment with the Internal Revenue Service at Oklahoma City as a Valuation Engineer, with a GS-9 rating. Shortly thereafter the Internal Revenue Service requested a routine investigation of Flowers to determine his qualifications for the position he was then occupying. As a part of this investigation an I.R.S. Inspector visited the Veterans' Administration Hospital at Topeka, Kansas, presented his credentials, and stated that the official purpose of his request was to review Flowers' medical record. The hospital personnel furnished the hospital records of Flowers to the investigator for examination. In Washington, D. C., a second I.R.S. inspector, pursuant to written requests

in April and May, 1957, was furnished Flowers' Veterans' Administration claim file to review as a part of the same investigation. It is these releases of information of which Flowers complains. He contends that these records are his private property and that their release for examination to anyone without his consent is an invasion of his privacy for which there is liability under the Federal Tort Claims Act.

■ Flowers makes numerous objections to the right of the I.R.S. agents to examine the hospital records without his consent, even though the examination related to his employment in another branch of the government. He advances many technical theories upon which there is liability in a tort action for permitting the inspection, the answer to all of which is found in 38 U.S.C. § 3301, which provides, in part:

"All files, records, reports, and other papers and documents pertaining to any claim under any of the laws administered by the Veterans' Administration shall be confidential and privileged, and no disclosure thereof shall be made except as follows: * * *

(3) When required by any department or other agency of the United States Government."

The applicable regulations promulgated thereunder by the Veterans' Administration and the Internal Revenue Service are set forth in the trial court's opinion, 230 F.Supp. 747, 750, and will not be repeated here. Suffice it to say that under the V.A. Regulation 506 (38 C.F.R. 1.506), all records or documents required for official use by another federal agency "shall be furnished in response to an official request, written or oral, from such department or agency."

■ The other points raised on appeal are adequately encompassed by the "right to privacy" issue and do not justify individual discussion. Moreover, in the disposition of this case it is not necessary to determine the availability of the Tort Claims Act (See 28 U.S.C. §§ 1346(b), 2680(a)), or the question of whether Flowers' discharge from the I.R.S. was a result of the information obtained, or as a reduction in force as indicated by the testimony. Ordinarily, the United States has the right to determine who its employees will be, without creating a right of action under the Tort Claims Act. Radford v. United States, 5 Cir., 264 F.2d 709. If a civil service employee of the United States has been wrongfully discharged, his remedy lies elsewhere. See generally, 5 U.S.C. §§ 652, 863, and applicable rules and regulations promulgated thereunder.

Affirmed.