Joe E. GARST, Plaintiff,

v.

Harold H. BROWN et al., Defendants.

Civ. A. No. 77–0519–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 5, 1978.

Timothy J. Hauler, Robert C. Elliott, II, Colonial Heights, Va., for plaintiff.

Eliot Norman, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Joe E. Garst, alleges that the defendants conspired to deprive him of his position as an employee of the United States Army Computer Systems Command, Support Group, Fort Lee, Fort Lee, Virginia. Plaintiff alleges that defendants conspired to harass him because of grievances filed by him with the United States Civil Service Commission. The defendants are: Harold H. Brown, Secretary of Defense; Clifford L. Alexander, Jr., Secretary of the Army; Major General Jack L. Hancock; Col. Roland E. Peixotto; Col. Harold W. Moye; Lt. Col. Robert T. Pollock; Lt. Col. Darrell C. Jurling; and the United States of America. Plaintiff contends that he was transferred, denied the use of the telephone for a month, as well as having been denied air conditioning in his office, because of the filing of the aforementioned grievances. On May 21, 1976, plaintiff was advised that his position had been excessed and that he was to be reassigned. It is his position that as a result of the alleged harassment and coercion directed against him from January 1976 through August 1976, he was forced to seek other employment. Plaintiff is now employed with the United States Army Finance and Accounting Center and earns approximately $3,000.00 less than he earned in his former position. Plaintiff claims that he was denied equal protection and deprived of the rights, privileges and immunities guaranteed him by the Constitution and the laws of the United States. It would appear from a reading of the complaint and the amended complaint that plaintiff also seeks review of an overtime claim which was filed with the Civil Service Commission and ultimately denied. The matter is presently before the Court on defendants' motion to dismiss and plaintiff's response thereto.

A portion of plaintiff's claim is premised on 42 U.S.C. §§ 1985 and 1986. These civil rights sections are applicable to persons acting under color of state law. In the instant case, plaintiff's position is not well taken for his complaint is directed against federal officials acting pursuant to federal law. See *Williams v. Halperin*, 360 F.Supp. 554 (S.D.N.Y.1973). Additionally, plaintiff's claim of discrimination is not based on racial or class based discrimination. He merely asserts in his complaint that he was singled out for harassment, and does not allege any general pattern of discrimination and in fact, contends that all other employees were treated differently from him. Sections 1985 and 1986 were not established to provide a general federal tort law and the Court deems them to be clearly inapplicable in the instant case. See *Griffin v. Beckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Hughes v. Ranger Fuel Corp.*, 467 F.2d 6, 9 (4th Cir. 1972).

Plaintiff additionally contends that the complaint may be considered under the Federal Tort Claims Act, (28 U.S.C. § 2671–2680), as tortious interference with his employment contract. Plaintiff has admittedly exhausted his administrative remedies under the Federal Tort Claims Act as required by 28 U.S.C. § 2675(a). The defendants' position, however, is that plaintiff's tort claim is barred by § 2680(a) and (h) of that Act. The gravamen of plaintiff's tort claim is that certain federal officials abused their discretion in assigning, compensating and supervising plaintiff. Section 2680(a) specifically delineates that the Act does not apply to discretionary actions by government employees even if that discretion is abused. Furthermore, § 2680(h) provides an exception to the Federal Tort Claims Act for actions alleging interference with contractual rights. Plaintiff's claim is that the defendants conspired to harass him at work. The acts which plaintiff complains of stem from the employer/employee relationship and fall within the discretionary function exception to the Federal Tort Claims Act. See generally, *Kiiskila v. United States*, 466 F.2d 626 (7th Cir. 1972); *Radford v. United States*, 264 F.2d 709 (5th Cir. 1959). The task of finding discretionary functions is not an easy one, but the Court is of the view that complaints about lack of a telephone or air conditioning, transfers and re-

assignment clearly fall within that exception to the Federal Tort Claims Act. It follows therefore, that insofar as the instant complaint is premised on the Federal Tort Claims Act, it must be dismissed for failure to state a claim upon which relief can be granted and for lack of jurisdiction.

Plaintiff has additionally alleged various constitutional violations. In light of the Court's conclusion that the Federal Tort Claims Act is inapplicable, the United States and the individual defendants herein are immune from suit in their official capacities under the doctrine of sovereign immunity. The United States cannot be sued without its own consent and absent a clear waiver of sovereign immunity, the United States and the individual defendants are not liable in their official capacities. The tort claims against the United States, and the individual defendants in their official capacities are accordingly dismissed.

Plaintiff has additionally alleged that four of the individual defendants are personally liable for violation of his Fifth Amendment and other constitutional rights. The individuals who are still defendants in this suit are Col. Roland E. Peixotto, Col. Harold W. Moye, Lt. Col. Robert T. Pollock and Lt. Col. Darrell C. Jurling. These individuals have a qualified immunity if they acted in good faith. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) and *Scheuer v. Rhoades,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The issue of good faith is a factual one and is not subject to a motion to dismiss.

Plaintiff in his complaint seeks overtime payments for overtime allegedly performed from November 1970 through April 1975. Plaintiff filed a claim with the General Accounting Office for the alleged overtime and that claim was denied. It is plaintiff's position that this Court has jurisdiction to review this claim pursuant to 5 U.S.C. 5542 and 28 U.S.C. 1346(a)(2). The Court is satisfied that it has jurisdiction to hear the overtime compensation claims.

*Fox v. United States,* 416 F.Supp. 593 (E.D. Va.1976).

An appropriate order will issue.