Wayne E. WHAM, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 78–1136.

United States District Court, D. South Carolina, Greenville Division.

Oct. 10, 1978.

---

Wayne E. Wham, pro se.

Thomas E. Lydon, Jr., U. S. Atty. for the District of South Carolina, Columbia, S. C., and J. D. McCoy, III, Asst. U. S. Atty. for the District of South Carolina, Greenville, S. C., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

HEMPHILL, District Judge.

Defendant's motion to dismiss, filed September 11, 1978 brings before the court another in a series of law suits[1] filed by plaintiff seeking redress for his removal for "failure to meet the requirements of your position"[2], and "undependability in reporting or completing your work."[3] At the outset it is obvious that this plaintiff seeks to harass the postal officials, and the United States Attorney time, judicial time, clerk time, processing time, etc., if calculated and totalled, would run into thousands of dollars. This court has reviewed the record, previous actions, and the transcript before the Federal Employee Appeals Authority[4]. For reasons hereinafter stated, it is obvious the motion to dismiss should be granted.

Wham alleges that his removal from the Postal Service was not for such cause as will promote the efficiency of the service, but that he was removed for filing a civil action against the Postal Service on June 16, 1976. He seeks relief under the Federal Tort Claims Act. 28 U.S.C. § 1346(b).

On December 17, 1976, plaintiff was notified by letter (Exhibit 1) that it was proposed to remove him from the Postal Service because his:

"Undependability in reporting or completing your work as scheduled and not being available when needed, indicates that you are unable to meet the requirements of your position."

1. The numerous suits are discussed infra.

2. The statement of charges as contained in a letter of December 17, 1976, by Sectional Center Director (E&LR), John W. Culbertson, postal official.

3. Ibid.

4. Hearing held at Greenville, S. C., April 1, 1977.

The letter detailed the plaintiff's history of progressive discipline. Plaintiff filed an appeal of his removal with the Federal Employee Appeals Authority of the Civil Service Commission (CSC) and the matter was set for hearing on April 1, 1977. Plaintiff's appeal was then presented before Commission Appeals Officer Edward A. Thomas. Plaintiff was represented by counsel and a verbatim transcript was made of the proceedings. He was permitted to present evidence and to call witnesses on his behalf and cross-examine witnesses presented by the Postal Service.

Plaintiff, testifying in his own behalf at that hearing, was asked by his counsel (page 79, Exhibit 2):

"Q. [By Mr. Steele] Do you have any idea as to why you were fired and they [other postal employees] weren't?

A. Yes, sir, I do have an idea why that I was fired.

Q. Why is that, sir?

A. Because I had to file a civil action against the Post Office in June, I believe it was June the 16th that the actual complaint was filed, and then on December the 13th, 1977 [believed to mean 1976] Judge Robert Hemphill handed down a summary judgment in favor of the Postal Service, and four days later after they got that hearing they told me I was fired, that I was being removed. In my opinion, that is the reason, because they started documenting my sick leave, and from July the 10th was the first day I was out sick and after the complaint was filed, and then November—no, December the 13th was the last day that I was out sick, and that is the day that Judge Hemphill handed down his order of a summary judgment in favor of them, and in my opinion that is the reason they really fired me."

At the hearing on April 1, 1977, counsel for the plaintiff made the following statements in his closing statement to the Appeals Officer (page 96, Exhibit 2):

"The evidence is undisputed that Mr. Wham was treated differently from other employees. . . ."

and at page 100, counsel commented:

"I feel that we have shown that Mr. Wham was singled out for unfair treatment, that he was treated differently from other employees under the same circumstances, that he was arbitrarily dismissed and summarily dismissed because of some legal problems that he had with the United States Postal Service, and that under our system of law and under our system of fairness and under the rules of the Civil Service Commission, it is not grounds for dismissal."

In a letter dated June 14, 1977, plaintiff's counsel was notified that the Civil Service Commission had determined that the action of the Postal Service removing his client from employment should be affirmed.[5]

5. The analytical memorandum rendered with the letter of determination, read as follows:

The removal was based on a current charge and certain cited elements of the appellant's past disciplinary record.

With respect to the current charge, the agency presented copies of PS Form 3971, Request for, or Notification of Absenteeism, copies of Absence Analysis Forms and a copy of Part 442.-18 of the Postal Service Manual, which documents and establishes the absences, as set forth in the notice. The appellant acknowledged that he was absent from work on the dates shown but contended that the absences were due to illness, that each absence was covered by earned sick leave which was approved by the agency and charged against his accrued sick leave; and that other postal employees have used as much or more sick leave without having any disciplinary action taken against them.

The removal action in this appellant's case involves a failure to meet the requirements of his position due to his undependability in reporting or completing his work as scheduled and not being available when needed. The agency presented evidence to show that the appellant's unscheduled absences required the agency to reassign other employees or to pay employees to work overtime in order to perform the duties and responsibilities assigned to the appellant. Such being the case, the agency contends that the appellant has failed to meet the requirements of his position.

Examination of copies of the PS Form 3971 used to document the appellant's absences for the period in question, disclosed that on several occasions the appellant left the job after working as little as two hours and that on other

On November 29, 1977, plaintiff filed a suit in the United States District Court for the District of South Carolina, Greenville Division, which was styled *Wayne E. Wham v. United States Postal Service*, Civil Action No. 77–2328. In this suit, plaintiff prayed for an order reinstating plaintiff to his former position in the Postal Service with back pay. This suit terminated in an order issued May 24, 1978 granting summary judgment for the defendant United States Postal Service.

In the order of May 24, 1978, the court found the Postal Service's action in removing appellant for being unavailable for work when needed, and thus, unable to meet the requirements of his position, and the Field Office's finding that the action was for such cause as would promote the efficiency of the service were not arbitrary and capricious, but were supported by substantial evidence.

It is believed that plaintiff's reference to a suit filed December 13, 1976 (Paragraph VII of plaintiff's Complaint) and the decision on that action on "December 13, 1976" (Paragraph VIII of plaintiff's Complaint) is the one styled as *Wayne E. Wham v. United States Postal Service*, Civil Action No. 76–1090, United States District Court, District of South Carolina, Greenville Division. Reference to that Complaint and the final Order in that case is invited.

■ Plaintiff's prayer for an order reinstating him to his former position with back pay and seniority does not lie under the Federal Tort Claims Act. The provisions of the Federal Tort Claims Act, which plaintiff cites as the jurisdictional basis for this suit, are quite clear in that the only remedy available under the Federal Tort Claims Act is for money damages, and does not submit the United States to injunctive relief.

28 U.S.C. § 2672, which is incorporated into 28 U.S.C. § 1346(b), specifically states that the remedy provided by the waiver of sovereign immunity in tort is to provide money damages only.[6] See also *Moon v. Takisaki*, 501 F.2d 389 (9th Cir. 1974); *Turtzo v. United States*, 347 F.Supp. 336 (E.D. Pa.1972).

While plaintiff cites 39 U.S.C. § 409(a) as a basis for the court's jurisdiction, Congress has stated specifically the conditions under which tort claims may be brought against the United States by enactment of 28 U.S.C. § 2679(a) which provides that the authority of any federal agency to sue and be sued in its own name shall not be considered to authorize suits against such federal agency on claims cognizable under the Federal Tort Claims Act and the remedies provided in the Tort Claims Act shall be exclusive.

Plaintiff has stated a cause of action where Congress has specifically declined to waive sovereign immunity in the Federal Tort Claims Act. 28 U.S.C. § 2680(a) provides that the Federal Tort Claims Act shall not apply to any claim based on the exercise or performance of a discretionary function or duty of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

occasions he waited until shortly before he was scheduled to report for duty to notify the agency that he would be on leave. The record shows, further, that in the past three years the appellant was counselled, given a letter of warning, and suspended on four occasions, for periods ranging from 5 to 30 days, for unsatisfactory attendance and for being absent without official leave. The record also shows that on each of these occasions the appellant was specifically informed that continued unsatisfactory attendance could lead to his removal from employment with the Postal Service.

The appellant claimed that other postal employees who took as much or more sick leave than he did were not disciplined, but presented no evidence in support of this claim although the record shows that information regarding the leave records of other employees was available to him.

In view of the appellant's frequent, unscheduled absences which resulted in disruption of the work schedules of other employees, and in light of the notices to him that such absences could lead to his removal, we find the current charge sustained.

6. 28 U.S.C. § 2672 provides in pertinent part: "The head of each Federal agency . . . may consider, ascertain, adjust, determine, compromise, and settle any claim for *money damages* against the United States . . . ." (Emphasis added.)

In *Baca v. United States,* 467 F.2d 1061 (10th Cir. 1972), the court held that the discretionary function exception of the Federal Tort Claims Act barred a claim that in retaliation for employees having reported breaches of security, an alleged government instrumentality transferred the plaintiff-employees to other jobs which they were not equipped to perform and finally fired them. See also *Radford v. United States,* 264 F.2d 709 (5th Cir. 1959); *Chafin v. Pratt,* 358 F.2d 349 (5th Cir. 1966) *cert. denied,* 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105; *Flowers v. United States,* 348 F.2d 910 (10th Cir. 1965).

■ Congress has provided remedies for review of administrative decisions to remove employees;[7] however, the Federal Tort Claims Act is not considered one of them.

■ Plaintiff's suit is barred by the doctrine of *res judicata.* A reading of plaintiff's complaint makes it clear that his cause of action is to review his removal from the Postal Service, not whether the plaintiff has suffered damages from a tortious act committed by the defendant.

Plaintiff's citation of the Federal Tort Claims Act as the jurisdictional basis for his suit for reinstatement and money damages is apparently designed to overcome the fact that his removal has already been judicially reviewed and decided adversely in this court's decision of May 24, 1978, *Wham v. United States Postal Service,* Civil Action No. 77–2328.

Plaintiff's allegations in the instant Complaint that he was removed because he filed a law suit under the Privacy Act and lost are the same allegations raised by him and rejected in his administrative hearing before the Civil Service Commission and this court.

■ The doctrine of *res judicata* is a fundamental principle of jurisprudence that material facts or questions which were directly in issue in a former action and judicially determined are conclusively settled by a judgment rendered therein and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form that the issue may take in the subsequent action, even though the subsequent action is a different form of proceeding, is upon a different cause of action, or involves a different subject matter, claim, or demand than the earlier action. It is likewise immaterial that the two actions have a different scope, or are based on different grounds, or are tried on different theories. 46 Am.Jur.2d 581.

■ Furthermore, a party is precluded under the doctrine of collateral estoppel from attempting a second time to prove a fact that he sought unsuccessfully to prove in a prior action. 46 Am.Jur.2d 583.

■ The doctrine of *res judicata* is especially applicable where protracted and multiple litigation of similar issues appears to be in the offing. *Rhodes v. Jones,* 351 F.2d 884 (8th Cir. 1965) *cert. denied,* 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673.

The motion to dismiss is granted.

This court is most liberal in giving the litigant his "day in court". There are limitations to one's access to this forum[8], and frivolous law suits waste the time and talent of the court and all support personnel. This suit is so characterized. Lest the plaintiff suffer consequences of his conduct in the future, he, appearing *pro se* (other person), or through attorney, is reminded of the provisions of 28 U.S.C. § 1927.

The Clerk shall dismiss this action forthwith.

AND IT IS SO ORDERED.

---

**7.** Plaintiff may be entitled to a review pursuant to 5 U.S.C. §§ 7511 and 7512; 5 U.S.C. §§ 701–706, if he has not already had one.

**8.** I. e. 28 U.S.C. § 1915(d).