Dr. Bhartur N. PREMACHANDRA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 83–2598.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1984.

Decided July 27, 1984.

Canice Timothy Rice, Jr., St. Louis, Mo., for appellant.

Richard K. Willard, Acting Asst. Atty. Gen., Thomas E. Dittmeier, U.S. Atty., William Kanter, Nicholas S. Zeppos, Appellate Staff, Civil Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Dr. Bhartur N. Premachandra appeals from the district court's [1] dismissal of an action for damages he brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. Premachandra's suit stemmed from a wrongful decision made by the Veterans Administration in 1980 to discharge him from his post as a VA endocrinologist. In granting defendant United States of America's motion to dismiss, the district court, 574 F.Supp. 365, held that civil service remedies available to wrongfully discharged federal employees under 5 U.S.C. §§ 7511–7513, 7701–7703 were Premachandra's exclusive means of redress. We affirm.

**BACKGROUND**

Premachandra's discharge was effective May, 1981. He then appealed his discharge to the Merit Systems Protection Board (MSPB), pursuant to 5 U.S.C. §§ 7513, 7701. The MSPB, concluding that the Veterans Administration had been "reckless or heedless" in terminating Premachandra, reinstated him, and awarded full back pay and seniority, together with $13,860.71 for payment of attorneys' fees. Premachandra then instituted the present civil action for tort damages, alleging that as a result of the groundless termination proceedings, he had suffered mental anguish; incurred debts for legal services in excess of the amount awarded by the MSPB; and incurred other out-of-pocket expenses and interest losses.

In dismissing Premachandra's suit, the district-court reasoned that this case was governed by *Alexander v. United States*, 500 F.2d 1, 2–3 (8th Cir.1974), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975). In *Alexander*, we held that a commissioned officer of the Public Health Service was barred from maintaining a medical malpractice suit under the Federal Tort Claims Act, because remedies available to Service personnel under a comprehensive statutory disability compensation scheme were exclusive. We cited *United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966), for the proposition that when a federal compensation statute reasonably and fairly covers a particular group of workers, Congress presumably intends the remedies provided to be exclusive.

On appeal, Premachandra contends that the presumption referred to in *Alexander* and *Demko* was inapplicable to his case. He relies instead on the Supreme Court's admonition in *Rayonier Inc. v. United States*, that "[t]here is no justification ... to read exemptions into the [Federal Tort Claims] Act beyond those provided by Congress." 352 U.S. 315, 320, 77 S.Ct. 374, 377, 1 L.Ed.2d 354 (1957).

**DISCUSSION**

To a degree it may be conceded that Premachandra is correct in contending that *United States v. Demko* and *Alexander v. United States* are distinguishable from the present case. Both of those cases involved remedial statutes similar in concept to workers compensation statutes, and relied in part on the long established principle that workers compensation remedies are exclusive. There is little by way of similar tradition with respect to legal remedies provided wrongfully discharged employees.

On the other hand, we cannot agree with Premachandra that *Rayonier Inc. v. United States* is dispositive. Premachandra's tort claim is, at bottom, a claim that he was wrongfully discharged. While we should be reluctant judicially to erode the broad remedy provided by the Federal Tort Claims Act,[2] we are equally reluctant to

---

1. The Honorable James H. Meredith, United States Senior District Judge, Eastern District of Missouri.

2. *But see Young v. United States*, 498 F.2d 1211, 1218 (5th Cir.1974) and *Steinagel v. Jacobson*, 507 F.Supp. 288, 290–91 (S.D.Ohio 1980), holding that wrongful discharge claims based on contracts of federal employment are "wholly alien" to the remedy provided by the Federal Tort Claims Act for victims of tortious conduct; and *Flowers v. United States*, 348 F.2d 910, 911 (10th Cir.1965) and *Radford v. United States*, 264 F.2d 709, 710 (5th Cir.1959), holding that because the federal government has the right to determine who its employees will be, no tort liability can arise from exercise of that right.

ignore a congressional intent that civil service remedies be the exclusive means for federal employees to challenge wrongful termination decisions. *See Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Congress intended section 717 of the Civil Rights Act of 1964 to be the exclusive remedy for claims of discrimination in federal employment, even though that statute does not explicitly provide for exclusivity, and even though action under 42 U.S.C. § 1981 would otherwise be available). Moreover, a rule frequently followed by courts faced with overlapping or inconsistent statutory remedies is that "a precisely drawn, detailed statute pre-empts more general remedies." *Id.* at 834–835, 96 S.Ct. at 1968–1969.

The Court concludes that Congress did intend the civil service laws to provide the sole remedy for federal employees in Premachandra's circumstances. As the Supreme Court has had recent occasion to note, the civil service laws constitute an "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations." *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 2416, 76 L.Ed.2d 648 (1983). The wrongfully discharged employee can challenge the termination decision in intra-agency proceedings; can appeal to the MSPB; and can then seek review in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. §§ 7513(b), 7513(d), 7703. The employee is entitled to a hearing before the MSPB; and the MSPB is to sustain the agency/employer's adverse decision only if it is supported by a preponderance of the evidence. 5 U.S.C. § 7701(a), (c)(1)(B). Procedural safeguards are provided at each level of appeal. In short, the civil service laws carefully prescribe how, when, and by whom the propriety of certain federal termination decisions will be reviewed. Had Congress intended

Other cases hold that discharge of a federal employee falls within the "discretionary function" exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). *See Radford v. United States*, 264 F.2d 709, 711 (5th Cir.1959); *Neal v.*

for such decisions to be reviewable in district courts in the context of actions under the Federal Tort Claims Act, it would not have so precisely defined the civil service remedy.

Premachandra argues that the civil service laws were intended only to promote the efficient and fair conduct of federal personnel policy, and not to compensate employees for injuries caused by wrongful discharge. Doubtless Congress did intend to encourage fair and correct decisionmaking. However, the provision in the civil service laws for awards of back pay, attorneys' fees, accrued leave, and retroactive seniority go far beyond concerns for efficiency, and evidence an intent to compensate employees for harms flowing from arbitrary termination decisions. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 2418, 76 L.Ed.2d 648 (1983) (Marshall, J., concurring). The fact that Premachandra might recover more were his tort action to proceed does not demonstrate that the civil service remedies were not intended to be exclusive. *See United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). We think instead that in enacting the civil service laws, Congress addressed the problem of wrongful termination decisions, and determined which consequential harms ought to be recompensed.

Accordingly, the district court's dismissal of Premachandra's suit is affirmed.

*United States Postal Service*, 468 F.Supp. 958, 960 (D.Utah 1979); *Wham v. United States*, 458 F.Supp. 147, 150–151 (D.S.C.1978); and *Garst v. Brown*, 452 F.Supp. 427, 428 (E.D.Va.1978).