967 F.Supp. 379 (1997)
K. N. MANIKTAHLA, Plaintiff,
v.
JOHN J. PERSHING VA MEDICAL CENTER, et al., Defendants.
No. 1:95-CV-0071 CAS.
United States District Court, E.D. Missouri, Southeastern Division.
March 10, 1997.
James F. Waltz, Vice-President, Oliver and Oliver, Cape Girardeau, MO, for K. N. Maniktahla.
U.S. Attorney, Office of U.S. Attorney, St. Louis, MO, for John J. Pershing VA Medical Center, C. Alex Alexander, Luisa G. Lotuaco, Michael Polacek.

*380 MEMORANDUM AND ORDER

SHAW, District Judge.
This matter is before the Court on defendants' motion to dismiss or in the alternative for summary judgment, and plaintiff's cross-motion for partial summary judgment. The parties oppose each other's motions.
Procedural Background. Plaintiff's original Petition for Injunction was filed in the Circuit Court of Butler County, Missouri on May 4, 1995. The petition alleged that plaintiff was a physician employed by the John J. Pershing VA Medical Center ("Medical Center"). Plaintiff asserted that (i) pursuant to an oral representation comprising part of his employment agreement, plaintiff was not required to provide medical on-call coverage on weekends; (ii) in violation of this agreement, defendants were attempting to force plaintiff to provide such medical coverage on weekends; (iii) plaintiff was a urologist with no current general surgical training or experience, and if required to provide weekend medical coverage was likely to be faced with patients with emergency or imminent general surgical needs which he was not qualified to address; and (iv) as a result, plaintiff's license to practice medicine and the welfare of such patients was placed in jeopardy.
The petition sought the issuance of a temporary restraining order prohibiting the defendants from scheduling plaintiff for weekend coverage, preliminary and permanent injunctive relief, and costs, expenses and attorney's fees. The Circuit Court of Butler County issued a Temporary Restraining Order on May 4, 1995, which restrained defendants from scheduling plaintiff for weekend coverage, including "on-call" coverage.
On May 9, 1995, the action was removed to this Court on the basis of 28 U.S.C. § 1442(a)(1). On June 15, 1995, the Court, Judge Stephen N. Limbaugh presiding, conducted a hearing on plaintiff's motion for preliminary injunction.[1] On August 9, 1995, plaintiff filed a motion for extension of temporary restraining order, which was granted on August 17, 1995. The Court's order indicates that the temporary restraining order was in effect from the time of its issuance by the Butler County Circuit Court until the hearing on the motion for preliminary injunction held June 15, 1995. See Doc. 13.
Plaintiff filed a First Amended Complaint for Injunctive Relief (the "complaint") on August 17, 1995, which included the new allegations that plaintiff (i) had been discharged from his position on June 13, 1995; (ii) had filed a notice of appeal of the termination with the Disciplinary Appeals Board on July 12, 1995; and (iii) would be deprived of his due process rights unless he was immediately reinstated to his former position at the Medical Center. See Doc. 15.
Neither the original petition nor the amended complaint assert a basis for the Court's jurisdiction.
On September 26, 1995, the Court granted plaintiff's motion for preliminary injunction, ordered his reinstatement and prohibited the defendants from scheduling plaintiff for weekend coverage as a general surgeon. See Doc. 16.
Defendants filed their motion to dismiss or in the alternative for summary judgment on May 1, 1996. On June 12, 1996, the Court granted plaintiff's motion to stay proceedings on defendants' motion pending a final administrative agency action by the Disciplinary Appeals Board (the "DAB"). The DAB rendered its decision on August 5, 1996. Plaintiff subsequently notified the Court of the DAB decision and sought leave to file his cross-motion for partial summary judgment.
The DAB determined, inter alia, that (i) the charge which formed the basis for plaintiff's discharge was "not sustained in whole in or part," (ii) plaintiff's discharge was "not sustained by a preponderance of the evidence," (iii) plaintiff should be reinstated and returned to duty retroactive to July 30, 1995, and (iv) plaintiff was entitled to back pay in accordance with the provisions of the Back Pay Act. See Decision in the Discharge Appeal dated Aug. 5, 1996, Ex. 1 to Pl.'s Cross Mot.
*381 The Court now turns to the merits of the parties' motions. The Court will first address defendants' motion to dismiss, to the extent it contends the Court lacks subject matter jurisdiction over this matter.
Standard of Review. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in a light most favorable to the plaintiff. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir.1994); Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Coleman, 40 F.3d at 258; Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir.1993).
This standard applies equally to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) as to a motion to dismiss for failure to state a claim. See Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir.1980).
Discussion. Defendants contend that this Court lacked jurisdiction over plaintiff's original petition and subsequent complaint, because (i) the United States has not waived sovereign immunity for contract or quasi-contract actions against it by appointed federal employees such as plaintiff, United States v. Hopkins, 427 U.S. 123, 128, 96 S.Ct. 2508, 2511-12, 49 L.Ed.2d 361 (1976); (ii) federal courts do not provide judicial remedies for federal personnel decisions affecting alleged constitutional rights of federal employees, where civil service remedies are available, Bush v. Lucas, 462 U.S. 367, 388-89, 103 S.Ct. 2404, 2416-17, 76 L.Ed.2d 648 (1983); and (iii) the Administrative Procedure Act, 5 U.S.C. §§ 701-06, does not provide jurisdiction to review plaintiff's claim, because of the civil service remedies available to plaintiff.
The Court finds defendants' second argument dispositive. Defendants contend that 38 U.S.C. §§ 7301-7472 contains a comprehensive personnel system for VA health care employees such as plaintiff,[2] and remedies outside that congressionally-authorized system are precluded. See Bush v. Lucas, 462 U.S. at 385, 103 S.Ct. at 2415-16; Berry v. Hollander, 925 F.2d 311, 315 (9th Cir.1991); Premachandra v. United States, 739 F.2d 392, 394 (8th Cir.1984). As a result, defendants contend that judicial review of plaintiff's claims is limited to and must be governed by the procedures set forth in Title 38. For example, appointed VA health care employees have the right to appeal a "major adverse action" involving a "question of professional conduct or competence" to a DAB under 38 U.S.C. §§ 7461(b)(1) and 7462(a)(1), and to seek judicial review of a final DAB decision pursuant to 38 U.S.C. § 7462(f)(1).
In response, plaintiff admits that he has availed himself of the appropriate administrative remedies, and concedes:
[T]he decision of the Disciplinary Appeals Board and affirmation of that decision by the Undersecretary of Health have resolved all genuine issues of material fact which [sic] respect to the matters presently before this Court.
See Pl.'s Reply at 1. Plaintiff also states, "The salient issues before the Disciplinary Appeals Board are identical to the issues before this Court." Pl.'s Mem. in Supp. at 7. Plaintiff contends, however, that he is entitled to the issuance of a permanent injunction and determination of damages by this Court. Id. Plaintiff declined to respond to defendants' jurisdictional arguments, asserting that "there is no basis for this Court's reconsideration of the jurisdictional issues", which were already decided. Pl.'s Reply at 2.
The Court cannot agree with plaintiff. The Court has the duty to examine the propriety of its jurisdiction over a case at any point in this proceedings. Having done so, the Court concludes that it lacks subject matter jurisdiction over this matter.
It is well established that the civil service laws provide the sole remedy for VA employees in plaintiff's circumstances. See, e.g., *382 Premachandra, 739 F.2d at 394. The comprehensive remedial scheme enacted by Congress is sufficient to preclude additional forms of relief, although it does not guarantee full compensation for any constitutional violations suffered by a VA physician. Berry, 925 F.2d at 315. By enacting the civil service laws, "Congress addressed the problem of wrongful termination decisions, and determined which consequential harms ought to be recompensed" by provisions for awards of back pay, attorney's fees, accrued leave and retroactive seniority. Premachandra, 739 F.2d at 394.
The Court is not persuaded by plaintiff's argument that its jurisdiction over this case preceded his termination from employment, the adverse employment action which was reviewed by the DAB. Plaintiff has not established and the Court cannot determine a basis for its jurisdiction over plaintiff's original contractual or quasi-contractual claim that his oral employment agreement was not being honored, or his claim that he was being required to perform work for which he was not qualified. As a VA physician, plaintiff was entitled to file a grievance to protest any work-related action with which he was dissatisfied. Berry, 925 F.2d at 315. In fact, on July 22, 1994, plaintiff filed a VA Complaint of Employment Discrimination concerning, inter alia, dissatisfaction with his placement on weekend "on-call" duty. See Defs.' Ex. 7. This procedure and plaintiff's appeal of his subsequent termination through the DAB are his exclusive remedies.
The Court notes that plaintiff has not sought judicial review of the final DAB decision pursuant to 38 U.S.C. § 7462(f)(1).
Conclusion. For these reasons, the Court concludes that it lacks subject matter jurisdiction over this matter, and defendants' motion to dismiss pursuant to Rule 12(b)(1) should be granted. The Court therefore does not reach defendants' arguments concerning plaintiff's failure to state a claim, defendants' alternative motion for summary judgment, or plaintiff's cross-motion for partial summary judgment. The preliminary injunctive relief previously ordered herein will be vacated.
Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) is GRANTED. [Doc. 41-1]
IT IS FURTHER ORDERED that defendants' alternative motion for summary judgment is DENIED as moot. [Doc. 41-2]
IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment is DENIED as moot. [Doc. 46]
IT IS FURTHER ORDERED that the preliminary injunction previously issued herein on September 26, 1995, as amended on February 16, 1996, is vacated. [Doc. 16, 34]
NOTES
[1] This matter was pending before Judge Limbaugh until July 26, 1996, when it was reassigned to the undersigned.
[2] It is undisputed that plaintiff was employed by the Department of Veterans Affairs pursuant to an "appointment". See 38 U.S.C. § 7401(1); Exs. 1-2 to Defs.' Mot. to Dismiss.