**Pedro A. CINTRON–ORTIZ, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 96–2553 (DRD).**

United States District Court,
D. Puerto Rico.

Dec. 9, 1997.

William Santiago–Sastre, Melendez Perez, Moran & Santiago, San Juan, PR, for Plaintiffs.

Fidel A. Sevillano–Del–Rio, U.S. Atty's Office, District of P.R., Civil Division, Hato Rey, PR, for Defendant.

**OPINION AND ORDER**

DOMINGUEZ, District Judge.

Pending before the court is Defendant's Motion to Dismiss on the grounds that Plaintiffs' Federal Tort Claims Act ("FTCA") claim is preempted by the Civil Service Reform Act of 1978, Pub.L. No. 95–454, ("CSRA"). (Docket No. 10.) For the reasons stated below, the court grants the motion, dismissing the action.

**I. Background**

Effective October 30, 1994, Co-plaintiff Cintrón–Ortiz was promoted to the position of Supervisory Special Agent with the Immigration and Naturalization Service (the "Agency"), San Juan District. Co-plaintiff accepted the position, signing an agreement wherein he acknowledged that the supervisory position was subject to a one-year probationary period. Before the end of said period, the Agency demoted Co-plaintiff from his supervisory position to that of Special Agent, at his former grade level. Co-plaintiff alleges that his supervisor did not comply with her duty to complete the required documentation and that this was the cause for his demotion. Therefore, he and his wife filed the instant suit.

**II. Standard**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). The pleading requirement, however, is "not entirely a toothless tiger." *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). "The threshold [for stating a claim] may be low, but it is real." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). In order to survive a motion to dismiss, Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Id.* at

---

515. Although all inferences must be made in Plaintiffs' favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3. *See Litton Indus., Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir.1978) (the court's "focus is limited to the allegations of the complaint. The question is whether a liberal reading of [the complaint] can reasonably admit of a claim"). *See generally Brown v. Hot, Sexy And Safer Productions, Inc.*, 68 F.3d 525 (1st Cir. 1995).

For Defendant to prevail, the court must find, pursuant to this standard, lack of subject matter jurisdiction if the CSRA provided Plaintiffs' exclusive remedy. The court so finds.

### III.  Discussion

 It is well settled that the CSRA is the exclusive remedy for federal employees seeking redress for non-discriminatory personnel actions. *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Hernandez v. Department of the Army*, 927 F.Supp. 570 (D.P.R.1996). Congress, through the passage of the CSRA, provided federal employees with a "comprehensive and integrated review scheme" for addressing any adverse personnel actions and superseding any independent judicial remedy. *Fausto*, 484 U.S. at 448–49, 108 S.Ct. at 674–75. Pursuant to the CSRA, federal employees are entitled to appeal adverse personnel actions to the Merit Systems Protection Board and, then, may obtain judicial review of that decision in the Court of Appeals of the Federal Circuit. 5 U.S.C.A. §§ 7513(d), 7703; *Diaz v. United States Postal Service*, 853 F.2d 5, 8 (1st Cir.1988). *See also Romero v. Brady*, 764 F.Supp. 227, 237–38 (D.P.R. 1991) (stating that the " 'appropriate authority' which must determine whether the personnel action was justified is the agency itself or the federal Merit System Protection Board, or the Federal Circuit") (citing the explicit holding in *Fausto*, 484 U.S. at 439, 108 S.Ct. at 668).

 The demotion which Plaintiffs challenge in this suit is clearly a "personnel action" and the CSRA is applicable. *See Berrios v. Department of the Army*, 884 F.2d

28, 31 (1st Cir.1989) (stating that the plaintiff's challenge against his removal was a "personnel action" within the meaning of the CSRA). For this reason, Plaintiff is faced with an "insurmountable hurdle", since the CSRA preempts all other remedies for adverse personnel decisions and, thus, federal district courts do not have jurisdiction over such. *Diaz*, 853 F.2d at 7. Specifically, the "remedies available to the [plaintiffs] under the CSRA preclude recovery under the FTCA." *Rollins v. Marsh*, 937 F.2d 134, 139–40 (5th Cir.1991) (following *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir.1991) and *Premachandra v. United States*, 739 F.2d 392, 394 (8th Cir.1984)).

Therefore, since Plaintiffs' claims arise solely out of the employment relationship with Defendant, the CSRA provides his exclusive remedy and the court must dismiss the action.

IT IS SO ORDERED.