[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12148
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00276-KD-C

JOSEPH WILBUR, JR.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 8, 2019)

Before WILLIAM PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Joseph Wilbur, Jr., appeals the dismissal of his Federal Tort Claims Act

complaint as time-barred and within the discretionary function exception.  We

agree with the district court that Wilbur's complaint should be dismissed, but for other reasons: Wilbur's claims are precluded by the Civil Service Reform Act.

## I.

We recite the facts in the light most favorable to Wilbur.  *See, e.g.*, *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1262 (11th Cir. 2015). Wilbur served as a compliance safety and health officer for the Occupational Safety and Health Administration (OSHA).  His amended complaint alleges that in November or December of 2011, the area director (AD) for OSHA's Mobile, Alabama office "performed a crude and sexually obnoxious behavior" in which the AD simulated a sexual act.  Wilbur, finding the AD's behavior "morally offensive," reported the AD to his union representative, but nothing came of it.

In January 2012, the AD did the same thing in front of a new employee. This time Wilbur reported the behavior to the assistant area director, but again nothing came of it.  In July 2012, Wilbur reported the AD to OSHA's regional office, but—again—nothing came of it.  In December 2012, the AD showed a "new female hire" inappropriate materials on his computer.  Wilbur helped the new employee lodge a complaint with OSHA's regional director; this one did lead to an investigation, but no inappropriate material was found on the AD's computer and the new employee "was later forced to resign."  Wilbur continued to complain, but

2

the assistant area director warned him "not to continue making waves in the office."

Wilbur's work life quickly went downhill from there. In March 2013, he was "verbally admonished" regarding one of his inspections. In June, he received a poor mid-year performance evaluation. There were smaller slights as well: Wilbur perceived that he was being treated differently by his coworkers, his travel reimbursement claims were delayed, he faced challenges to his attempts to take sick leave, and he experienced "other work related issues." Wilbur "learned that management was reviewing case files, and traveling to inspection sites [that he had] previously inspected," and based on that he "suspected, not confirmed, that the Defendant had initiated an investigation" into him. His suspicions were correct: the Department of Labor's Office of Inspector General (OIG) had opened an investigation into allegations that Wilbur had committed perjury in connection with one of his inspections. Wilbur ultimately resigned in July 2013, which he characterizes as a constructive discharge attributable to a hostile work environment.

Unbeknownst to Wilbur, OIG issued its investigative report the next month. The report covered not just Wilbur's alleged perjury but also allegations regarding other inspections and unauthorized use of a government credit card. The AUSA

3

for the Southern District of Alabama declined to prosecute, and in light of that and Wilbur's resignation, the case was closed.

Between July 2013 and July 2014, Wilbur filed multiple appeals before the Merit Systems Protection Board (MSPB). Those were dismissed, and Wilbur did not appeal to the Federal Circuit. For one of the appeals, Wilbur requested in March 2014 "that the appeal be dismissed without prejudice pending the outcome of a related investigation by the agency's Office of Inspector General"— suggesting that he was unaware at that time that the investigation had already concluded. Wilbur alleges that his attempts to procure the investigative report through FOIA were "stonewalled."

In the meantime, Wilbur had applied to and received a tentative job offer from U.S. Citizenship and Immigration Services (USCIS) as a safety and health manager. But after receiving a copy of the OIG report, USCIS issued a notice of proposed action to Wilbur that indicated USCIS's intent to withdraw the offer based on the misconduct charges in the OIG report. Wilbur did not immediately respond—he was deployed overseas at the time—and on February 5, 2015, USCIS sent Wilbur a letter withdrawing the job offer and barring Wilbur from USCIS employment for three years. Along with the letter, Wilbur received (apparently for the first time) a copy of the OIG report.

4

The letter informed Wilbur of his right to appeal to the MSPB within 30 days and provided instructions for doing so.  Wilbur did appeal, but not until February 9, 2016—over a year after USCIS's decision.  Wilbur protested that he had been deployed with the military between February 3, 2015 and September 23, 2015, but even after tolling the time for appeal under the Servicemembers Civil Relief Act, an ALJ concluded that Wilbur was 109 days late and had failed to establish good cause for waiving the filing deadline.  Wilbur appealed that decision, arguing that the MSPB should waive the filing deadline because "when he returned from his deployment, he had to deal with 'a backlog of mail,' family issues, readjustment to civilian life, and ongoing unemployment."  Unconvinced, the MSPB affirmed the ALJ's finding that Wilbur's appeal was untimely filed without good cause.  The MSPB's decision informed Wilbur of his right to appeal to the Federal Circuit, but there is no indication that he did so.

Instead, on October 19, 2016, Wilbur filed a Federal Tort Claims Act (FTCA) administrative claim with the Department of Labor.  After six months without a reply, Wilbur filed a federal complaint in the U.S. District Court for the Southern District of Alabama.[1]  As amended, the complaint asserted two counts—

---

[1] After Wilbur had filed suit, the Department of Labor denied his claim in a brief letter.

5

negligence and intentional infliction of emotional distress—stemming from OIG's investigation of Wilbur and his subsequent inability to get a job.

A magistrate judge issued a report and recommendation concluding that 1) because Wilbur filed his FTCA claim in October 2016, any claims that accrued before October 2014 were time-barred; 2) the only claim not time-barred related to the Department of Labor's transmittal of its investigative report to USCIS; and 3) the transmittal of the report was a discretionary function. The district court agreed with this analysis and refused to equitably toll the limitations period because it concluded that, contrary to Wilbur's contention that the Department of Labor wrongfully concealed the report from him, Wilbur was not entitled to receive the report at all. Wilbur now appeals.

## II.

The United States moved the district court to dismiss the complaint under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim. Both issues are reviewed de novo, but we are freer to resolve factual issues in assessing jurisdiction than we are in deciding whether the complaint properly states a claim. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924–25 (11th Cir. 2003).

III.

We have our doubts about the decision that Wilbur's FTCA challenge to the OIG report was untimely.  True enough, the "general rule is that a claim under the FTCA accrues at the time of injury."  *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999).  But even assuming that the relevant "injury" is the issuance of the report and not the withdrawal of a job offer, we have held that in some contexts an injury does not accrue until "the plaintiff knows of both the injury and its cause."  *Id.* (so holding for a wrongful death claim).  Here, Wilbur alleges that his attempts to procure the investigative report were "stonewalled," and he appears to have received it only when USCIS relied on it to withdraw his job offer; that would have presented a strong case for applying the diligence-discovery rule.

But we will not resolve the timeliness issue because we are first obliged—as was the district court—to address the government's jurisdictional argument that Wilbur's claims cannot proceed under the FTCA because Title VII and the Civil Service Reform Act (CSRA) provided Wilbur's exclusive remedies.  *See, e.g.*, *Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (noting that courts must address jurisdictional issues before reaching the merits); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 8 (2012) (treating CSRA preclusion as jurisdictional).  And we agree with the government that the CSRA precludes Wilbur's FTCA claims.

7

The CSRA comprises "a comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 455 (1988). Outside of Title VII,[2] that comprehensive system provides a federal employee's exclusive route to relief for federal personnel actions. *See Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1575 (11th Cir. 1990). Indeed, we have held before that if state common-law claims "are within the scope of the coverage of the CSRA, then the actions are preempted by the CSRA." *Broughton v. Courtney*, 861 F.2d 639, 643 (11th Cir. 1988). A claim under the FTCA is essentially a state tort claim. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994). It follows that the CSRA precludes FTCA suits for claims contesting personnel actions against a federal employee. *Accord, e.g.*, *Tubesing v. United States*, 810 F.3d 330 (5th Cir. 2016); *Premachandra v. United States*, 739 F.2d 392 (8th Cir. 1984).

Here, Wilbur had a chance to bring a claim under the CSRA: the February 5, 2015 letter denying him a job at USCIS based on the allegations in the investigative report contained instructions for an appeal. Wilbur exercised that right, but he did so too late, and the MSPB affirmed the dismissal of his appeal for untimeliness. The MSPB's decision informed Wilbur of his right to appeal to the

---

[2] The "CSRA, by its own terms, does not preempt an action brought under Title VII." *McDowell v. Cheney*, 718 F. Supp. 1531, 1543 n.9 (M.D. Ga. 1989) (citing 5 U.S.C. § 2302(d)(1)).

Federal Circuit, but he apparently failed to do so. Having defaulted his exclusive

avenue for relief, Wilbur cannot recast his complaint as an FTCA claim.

We therefore **VACATE** the district court's dismissal with prejudice and

**REMAND WITH INSTRUCTIONS** to dismiss for lack of jurisdiction.